326 U.S. 271 (1945)
HAWK
v.
OLSON, WARDEN.
No. 17.
Supreme Court of United States.
Argued October 8, 1945.
Decided November 13, 1945.
CERTIORARI TO THE SUPREME COURT OF NEBRASKA.
*272 Mr. Joseph A. Fanelli, with whom Mr. Milton Kramer was on the brief, for petitioner.
Mr. Robert A. Nelson argued the cause, and Walter R. Johnson, Attorney General of Nebraska, and H. Emerson Kokjer, Deputy Attorney General, were on the brief, for respondent.
MR. JUSTICE REED delivered the opinion of the Court.
This writ of certiorari brings before us the judgment of the Supreme Court of Nebraska which affirmed a judgment of a district court dismissing a petition for habeas corpus to inquire into petitioner's detention for want of merit and failure to state a cause of action. Hawk v. Olson, 145 Neb. 306, 16 N.W.2d 181.[1] Petitioner was in the penitentiary after conviction for murder. The writ was granted because a substantial federal question as to restraint without due process of law under the Fourteenth *273 Amendment seemed to be presented by the petition for certiorari and the response. 324 U.S. 839.
As no response was filed or evidence received in the district court, we accept as true all well-pleaded allegations of the petition and, in the exercise of the duty which lies on us as well as the Nebraska courts to safeguard the federal constitutional rights of petitioner, examine for ourselves whether under the facts stated the petitioner is now entitled to a hearing on the claimed violations of the due process clause in his conviction for murder in the first degree. Lisenba v. California, 314 U.S. 219, 237; White v. Ragen, 324 U.S. 760.
In its opinion the Supreme Court of Nebraska carefully considers a number of claims of denial of due process. It is said that some of the grounds for release are pleaded in the form of conclusions and that Nebraska procedure requires in habeas corpus proceedings that the applicant must set forth the facts from which it must appear that he will be entitled to discharge. Hawk v. Olson, 16 N.W.2d 181, 183, 1. c. We assume, since such grounds appear in the petition, that one of these pretermitted grounds is that "Conviction was obtained by the use of perjured testimony knowingly used by the Prosecuting Officials and the Trial Court." See Ex parte Hawk, 321 U.S. 114, 116. Whatever Nebraska may require in the way of further specification may be furnished, if available, and permissible under the law of Nebraska (see Hawk v. Olson, supra, 183, r.c.), by petitioner on a new hearing. Cf. Tomkins v. Missouri, 323 U.S. 485, 487. On the issues of the sufficiency of the evidence and the interference with the right of appeal, we accept the decision of Nebraska that the first cannot be raised by habeas corpus (Hawk v. Olson, 16 N.W.2d 181, 183) and that the second is not supported by the facts stated by petitioner.[2] Other objections *274 to the judgment have been made which are not discussed herein but which we have looked into and which we do not consider merit further attention.
Petitioner contends that his conviction violates the Fourteenth Amendment because of denial at his trial of an opportunity to examine the charge, subpoena witnesses, consult counsel and prepare a defense. Denial of effective assistance of counsel does violate due process. Powell v. Alabama, 287 U.S. 45, 58; House v. Mayo, 324 U.S. 42, 46; compare White v. Ragen, 324 U.S. 760, 764.
Since Frank v. Mangum, 237 U.S. 309, 331, this Court has recognized that habeas corpus in the federal courts by one convicted of a criminal offense is a proper procedure "to safeguard the liberty of all persons within the jurisdiction of the United States against infringement through any violation of the Constitution," even though the events which were alleged to infringe did not appear upon the face of the record of his conviction. This opportunity for an examination into the "very truth and substance of the causes of his detention" was said in the Frank case to have come from the adoption in 1867 of a statute which empowered federal courts to examine into restraints of liberty in violation of the Constitution of the United States. 14 Stat. 385, c. 28.[3] The legislation enlarged *275 for the federal courts the "bare legal review" of the authority under which a petitioner was held which had been previously afforded by habeas corpus.[4]Johnson v. Zerbst, 304 U.S. 458, 465-67. See also In re Neagle, 135 U.S. 1, 69-76; McNally v. Hill, 293 U.S. 131.
This liberalization of habeas corpus required federal courts, when the issue was presented, to examine whether a conviction occurred under such influence by mob spirit as to deny due process. Frank v. Mangum, supra, 331, 335, dissent 347. The power was called into play a few years later to examine a state conviction under alleged community coercion; and this Court said that, if the facts set out were true, the trial would not support a conviction. Moore v. Dempsey, 261 U.S. 86. In Mooney v. Holohan, 294 U.S. 103, 112, it was declared that the knowing use of material perjured testimony by a state prosecutor would make a trial unfair within the meaning of the Fourteenth Amendment.
When the absence of counsel at a trial was urged as a ground for a federal writ of habeas corpus, we held that in federal courts a felony conviction without benefit of counsel is subject to collateral attack because a violation of the accused's constitutional right to the services of an attorney unless he has intelligently waived that privilege. *276 Johnson v. Zerbst, supra, 467-68; Walker v. Johnston, 312 U.S. 275, 286. The same is true in instances of coercion. Waley v. Johnston, 316 U.S. 101, 104.
In state prosecutions a conviction on a plea of guilty, obtained by a trick, Smith v. O'Grady, 312 U.S. 329, 334, or, after refusal of a proper request for counsel, because of the accused's incapacity adequately to defend himself, Williams v. Kaiser, 323 U.S. 471, will not support imprisonment. Such procedure violates the Fourteenth Amendment to the Constitution. See Tomkins v. Missouri, 323 U.S. 485; Cochran v. Kansas, 316 U.S. 255. That Amendment is violated also when a defendant is forced by a state to trial in such a way as to deprive him of the effective assistance of counsel. Powell v. Alabama, supra, 52, 58; House v. Mayo, 324 U.S. 42. Compare Ex parte Hawk, 321 U.S. 114; Glasser v. United States, 315 U.S. 60, 69-70. When the state does not provide corrective judicial process, the federal courts will entertain habeas corpus to redress the violation of the federal constitutional right. White v. Ragen, 324 U.S. 760. When the corrective process is provided by the state but error, in relation to the federal question of constitutional violation, creeps into the record, we have the responsibility to review the state proceedings. Williams v. Kaiser, 323 U.S. 471; Tomkins v. Missouri, supra.
Petitioner, a layman, set out the following allegations in his petition. On March 16, 1936, at 4:15 p.m., the petitioner, who had previously had a preliminary hearing, was brought to Omaha from the federal penitentiary at Leavenworth, Kansas. He was held incommunicado in the Omaha jail except for a visit of fifteen minutes that evening, 11 to 11:15 p.m., by the Public Defender and his assistant. These officials tried to intimidate the petitioner to plead guilty. This petitioner refused to do, ". . . at which time the two Public Officials left your Petitioner and at the time said they would have nothing *277 to do with Petitioner's trial scheduled for trial the following morning." The next day petitioner was arraigned and was read an information charging the murder to which he pleaded "not guilty,"[5] and "forthwith moved the Trial Court orally for a continuance of twenty-four (24) hours for the purpose of consulting counsel, examine the charge, subpoena witnesses and prepare a defense, and forthwith the Trial Court overruled the motion for a continuance and ordered the trial to proceed at which time the Clerk of the Court began to impanel the trial jury and had called two or three jurymen, when Joseph M. Lovely, a Public Official (Public Defender) and John N. Baldwin, his assistant stepped forward and entered the case, without ever having consulted your Petitioner, and without ever having been assigned by the Trial Court to represent your Petitioner.
"Your Petitioner had no consultation whatsoever with either of the aforesaid Public Officials regarding his defense, they picked the jury and testimony was adduced and a continuance or recess taken until the following morning March 18 (Wednesday), 1936." Petitioner claimed the protection of the Fourteenth Amendment. The record is either silent on or not inconsistent with anything material in these allegations. Cf. Tomkins v. Missouri, 323 U.S. 485, 487. There is no allegation or suggestion *278 of ignorance of or unfamiliarity with procedural or substantive law or sub-normal mentality.
These facts, if true, we think, set out a violation of the Fourteenth Amendment. They are not conclusions of law. They are not too vague. The charge upon which petitioner was convicted was murder in the first degree. He had no advice of counsel prior to the calling of the jury. His motion for continuance to examine the charge and consult counsel was made without assistance. Homicide has degrees in Nebraska. Comp. Stat. Neb. 1929, § 28-401 to § 28-403. There are difficulties in the application of the rules. In re Application of Cole, 103 Neb. 802, 805, 174 N.W. 509; Bourne v. State, 116 Neb. 141, 216 N.W. 173. The defendant needs counsel and counsel needs time. Cf. Tomkins v. Missouri, 323 U.S. 485, 488.
As the Supreme Court of Nebraska considered the motion for continuance on the merits,[6] no question of state procedure for the reexamination of criminal convictions arises. As to the issue on the motion for continuance, our duty requires us to determine only whether or not the denial under the facts alleged violates due process. We think there was an allegation that no effective assistance of counsel was furnished in the critical time between the plea of not guilty and the calling of the jury. Continuance may or may not have been useful to the accused, but the importance of the assistance of counsel in a serious criminal charge after arraignment is too large to permit speculation on its effect. We hold that denial of opportunity to consult with counsel on any material step after indictment or similar charge and arraignment violates the Fourteenth Amendment.
Petitioner states a good cause of action when he alleges facts which support his contention that through denial of asserted constitutional rights he has not had the kind of *279 trial in a state court which the due process clause of the Fourteenth Amendment requires. This, of course, does not mean that uncontradicted evidence of a witness must be accepted as true on the hearing. Credibility is for the trier of facts. The evidence may show that the charge was served upon petitioner well in advance of the trial (see note 5, supra) and that he had ample opportunity to consult with counsel and secure any needed witnesses. He may have intelligently waived his constitutional rights. Adams v. U.S. ex rel. McCann, 317 U.S. 269, 275.
Petitioner carries the burden in a collateral attack on a judgment.[7] He must prove his allegations but he is entitled to an opportunity.
Reversed and remanded.
MR. JUSTICE JACKSON took no part in the consideration or decision of this case.
NOTES
[1] The opinion of the Supreme Court of Nebraska does not deal with an alternate ground of the district court judgment. This was that previous petitions for habeas corpus had "fully and finally adjudicated" the present issues. Compare Salinger v. Loisel, 265 U.S. 224, 230; Ex parte Hawk, 321 U.S. 114, 118. We do not consider this issue.

The following reported cases show the efforts of petitioner to secure release. There are other proceedings not reported. Hawk v. O'Grady, 137 Neb. 639, 290 N.W. 911 (appeal from denial of writ in state district court), cert. den. 311 U.S. 645; Hawk v. Olson, 130 F.2d 910 (appeal from denial of writ in district court), cert. den. 317 U.S. 697; 318 U.S. 746 (original); 321 U.S. 114 (original).
[2] Lack of counsel and wrongful withholding by judicial officers of the necessary record form the substance of this claim. The opinion of the Supreme Court of Nebraska disposes of this by pointing out that petitioner never alleged a request to the Public Defender for assistance on appeal and that a mandamus (for the record) was denied. We assume the denial was proper as petitioner makes no complaint as to it. On the present record the failure to seek review from the conviction was without excuse. 16 N.W.2d 181, 184.
[3] This statute was reenacted as R.S. §§ 752-761. The provision now appears in 28 U.S.C. § 453:

"The writ of habeas corpus shall in no case extend to a prisoner in jail unless where he is . . . in custody in violation of the Constitution or of a law or treaty of the United States .. ."
 The section had its origin in a bill (No. 605) reported by the Judiciary Committee of the House in response to a resolution directing that committee to inquire and report to the House by bill or otherwise "what legislation is necessary to enable the courts of the United States . . . to enforce the liberty of all persons under the operation of the constitutional amendment abolishing slavery." See Cong. Globe, 39th Cong., 1st Sess., 87, 4151. The debates on the bill in the House and Senate, while mostly concerned with incidental matters, indicated that jurisdiction to issue the writ of habeas corpus was not intended to be limited merely to violations of the Thirteenth Amendment. See Cong. Globe, 39th Cong., 1st Sess., 4150, 4151, 4229; Cong. Globe, 39th Cong., 2d Sess., 730, 790.
[4] See Ex parte Watkins, 3 Pet. 193, 202, cited in the Frank case, and 4 Bacon's Abridgment 563, et seq., Johnson Edition 1856; XIV Viner's Abridgment, (2d Ed.), 212 (D) and 217 (F) (2).
[5] Petitioner does not allege whether or not he had previously received a copy of the charge in conformity with the requirement of Revised Statutes of Nebraska § 29-1802 which provides that, "Within twenty-four hours after the filing of an indictment for felony, and in every other case on request, the clerk shall make and deliver to the sheriff, the defendant or his counsel a copy of the indictment, and the sheriff on receiving such copy shall serve the same upon the defendant. No one shall be, without his assent, arraigned or called on to answer to any indictment until one day shall have elapsed, after receiving in person or by counsel, or having an opportunity to receive a copy of such indictment as aforesaid." Section 29-1604 makes this section applicable to an information.
[6] Hawk v. Olson, 16 N.W.2d 181, 184.
[7] Page 279 Johnson v. Zerbst, 304 U.S. 458, 468; Walker v. Johnston, 312 U.S. 275, 286; Williams v. Kaiser, 323 U.S. 471, 474.