## RICHARDSON v. SHUTTLEWORTH, Warden, et al.

### No. 7019.

District Court, E. D. Michigan, S. D.

February 9, 1948.

---

632

Robert A. Sullivan, of Detroit, Mich., for plaintiff.

Thomas P. Thornton, U. S. Atty., and Kenneth W. Smith, Asst. U. S. Atty., both of Detroit, Mich., for defendant.

LEDERLE, District Judge.

1. This action involves a petition for writ of habeas corpus filed by an inmate of the Federal Correctional Institution at Milan, Michigan, to inquire into the legality of his detention under a sentence imposed by the District Court for the Eastern District of New York on February 9, 1944, by the late Honorable Marcus B. Campbell, after petitioner's plea of guilty to one count of a three count indictment, numbered 39693, charging three violations of 18 U.S.C.A. § 72, namely, uttering and publishing three forged narcotic prescriptions. The meritorious allegation contained in the petition reads: " * * * petitioner was deprived of his constitutional right in the entire procedure by not being permitted to have a counsel of his own choice. Your petitioner had no counsel to assist him in his defense, neither before, nor after he had entered a plea of guilty, even though he expressed the desire for counsel. He was informed that one was appointed by the court in his behalf, but at no time had he seen or consulted with any."

2. Upon filing of the petition herein, order to show cause was issued. At the return date of such order, an answer was filed by the respondents, denying the allegation of deprivation of counsel. Thereupon, a writ of habeas corpus was issued, and, upon petitioner's production in response thereto, he was asked by this court whether he desired counsel appointed for him. He answered in the affirmative, counsel was appointed, and trial date fixed. Trial on the merits was held February 11 and 12, 1948. At the opening of the hearing, petitioner's counsel announced that they would abandon as untenable that part of the petition devoted to legal arguments that under 18 U.S.C.A. § 709a, petitioner's three-year federal sentence should have started to run immediately upon imposition on February 9, 1944, despite his being in state custody, so that at the time of petitioning this court his sentence was fully served.

3. The indictment was returned January 4, 1944. Petitioner was then in custody of New York state authorities to answer some state charges. On January 17, 1944, petitioner was produced before Judge Campbell pursuant to a Writ of Habeas Corpus Ad Prosequendum directed to New York state authorities. At this time a plea of not guilty was entered for him, and trial was set for January 26, 1944. On this latter date, petitioner was again produced before Judge Campbell, at which time petitioner changed his plea to guilty to count one of the indictment, and his sentence was set for February 9, 1944. At Judge Campbell's request, a pre-sentence investigation was made by the Probation Department. A three-year sentence was imposed on count one on February 9, 1944, at which time the remaining two counts of the indictment were dismissed. Petitioner was thereupon returned to New York state authorities to answer his state charges. On October 9, 1946, at the completion of his state court sentence, he was received by federal authorities to serve this federal court sentence of February 9, 1944.

4. Petitioner testified here on his own behalf, and very convincingly stated that although at each stage of the proceeding under which he stands committed he had indicated that he desired legal assistance, he never at any time consulted with any attorney in relation to such proceeding during the pendency thereof, and that during the January 26, 1944 session of court, upon importuning of an Assistant United States Attorney and a federal narcotic agent,

he decided to plead guilty to count one of the indictment.

5. The United States Attorney conceded in open court that the record made before me does not show that petitioner ever at any time waived his right to counsel or intended to do so.

6. The portions of the official court record of the case put in evidence before me do not show that petitioner ever was represented by an attorney, either private or court appointed. On the other hand, the calendar entry on the official court docket of the case for January 26, 1944, reads in part: "Defendant * * * pleads guilty to count one *on his own behalf* * * *." (Italics added.) The opening paragraph in the preamble of the judgment and commitment signed by Judge Campbell reads: "On this 9th day of February, 1944, came the United States Attorney and the defendant, William Richardson, *appearing in proper person, and not by counsel.*" (Italics added.) No effort has ever been made to have these court records amended in any way.

7. It is likewise undisputed that at the time of petitioner's arraignment before Judge Campbell on January 17, 1944, he advised the court that he expected to be able to secure his own counsel, and that on the date set for trial, January 26, 1944, petitioner stated to the court that he still hoped to obtain his own counsel, and asked for an adjournment to permit him to contact relatives out of town to learn if they would retain counsel for him. Judge Campbell thereupon ascertained that petitioner had no funds of his own, and said he would appoint counsel for him.

8. What transpired from that point on is the disputed issue in this case. It is respondents' contention that Judge Campbell thereupon appointed as counsel for petitioner an attorney then in the courtroom waiting to start trial of another case; that this attorney and petitioner consulted for a few moments in an undertone in the courtroom while other court business was being conducted; that, at the end of this conversation, the attorney and petitioner advised the court that petitioner maintained his innocence and desired to continue his plea of not guilty and proceed to trial; that trial was adjourned to January 31, 1944, to suit the trial engagements of the assigned attorney; that some few minutes later, the attorney was told by a court attendant that petitioner wanted to speak with him again; that they again consulted in the same manner and place, and petitioner asked the attorney about the advisability of pleading guilty to count one; that, upon receiving the attorney's advice, petitioner decided to so plead, and they advised the court of this at an intermission of other court business; that such a plea was then entered, and sentence set for February 9, 1944; that on this latter date, this same attorney was in Judge Campbell's courtroom to appear in another case at the time petitioner was sentenced to three years on count one, and counts two and three were dismissed upon motion of an Assistant United States Attorney.

9. These Government contentions were substantiated in some respects by the testimony of an Assistant United States Attorney and this private attorney, both of whom testified that they had another case pending in Judge Campbell's courtroom on the dates in question. Both of these gentlemen have handled a large volume of criminal cases in the New York federal courts. Both attempted fairly, and as best they could, to reconstruct scenes which occurred four years ago, which were hazy in their memories, and in which each claimed to have had only slight participation. Unfortunately, Judge Campbell is deceased. However, several active participants in this prosecution are still alive and available, including at least the former Assistant United States Attorney who had direct charge of the case, Judge Campbell's courtroom deputy clerk who prepared the impugned court records, two federal narcotic agents who interviewed petitioner and were present during at least part of the court proceedings, and the Probation Officer who interviewed petitioner immediately following his plea. The testimony of none of these persons was offered by the Government, either orally or by deposition, nor was any request made for a continuance of

the trial so that this testimony could be produced.

Weighing these facts against the positive and convincing testimony of the petitioner, supported as it is by the official court records, I am of the opinion, and find, that these two attorneys who testified were mistaken about the case involved, and that petitioner has sustained the burden of proving by a preponderance of the evidence that he did not have the assistance of counsel and did not waive that right.

### Conclusions of Law

1. In a federal criminal prosecution, an accused is entitled to the assistance of counsel at every stage of the proceeding, unless he has competently and intelligently waived the right thereto. U.S.Constitution, Amendment VI; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

2. Where, as here, it appears by a preponderance of the evidence in a habeas corpus proceeding to inquire into the legality of imprisonment that the accused pleaded guilty and was sentenced in a federal court without ever waiving or having the assistance of counsel, the federal trial court was without jurisdiction to proceed, and the plea and sentence are invalid and ineffective because of deprivation of the constitutional guaranty of the right to the assistance of counsel for a defence. Johnson v. Zerbst, supra; See, also, as to state practice under the 14th Amendment, Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61.

3. A habeas corpus proceeding at the place of detention is the proper method for determination on proofs aliunde the record of conviction and sentence whether the trial court was without jurisdiction because of deprivation of the constitutional guaranty of the right to assistance of counsel for the defence of an accused. Johnson v. Zerbst, supra.

4. Consequently, the right to relief under the said petition for writ of habeas corpus has been proved herein, and judgment disposing of the petitioner as law and justice require is being entered simultaneously herewith. 28 U.S.C.A. § 461.

### Judgment

In accordance with the foregoing findings of fact and conclusions of law,

It is hereby ordered and adjudged that the plea of guilty to count one and sentence of petitioner, William Richardson, imposed February 9, 1944, by the District Court for the Eastern District of New York, in case number 39693, were without the jurisdiction of such court because in deprivation of the constitutional guaranty of the right to the assistance of counsel for a defence, and are therefore invalid and ineffective.

It is further ordered and adjudged that petitioner be released from the custody of the respondents and taken into the custody by the United States Marshal for this district pending removal to the Eastern District of New York to answer to said indictment.