740

**VICKERY v. NALL et al.**
**Civ. A. 2545.**

United States District Court
W. D. Kentucky. Louisville.
March 24, 1953.

T. Ernest Maholm, Indianapolis, Ind., for petitioner.

J. D. Buckman, Jr., Atty. Gen. of Ky., for respondent.

SHELBOURNE, District Judge.

This action was instituted January 17, 1953, by the filing by the petitioner of his petition for a writ of habeas corpus and his motion that he be allowed to proceed herein in forma pauperis, in accordance with the provisions of Title 28, Section 1915, U.S.Code.

His affidavit in support of his application to proceed in forma pauperis being sufficient, an order was entered authorizing a rule to issue against the defendants to produce in this court the petitioner then confined in the Kentucky State Reformatory at LaGrange, Kentucky, and on the 20th day of February 1953, the defendant was produced and a hearing was had on his petition.

The Attorney General of the Commonwealth of Kentucky was notified by registered mail and furnished copy of the application for the writ of habeas corpus and the writ. No appearance was made by the Attorney General at the hearing and none has been made subsequent to the hearing.

Petitioner alleges in substance that on the 19th day of November 1942, petitioner was indicted in the Hardin Circuit Court at Elizabethtown, Kentucky, for the crime of murder and was released from that court on bond. On May 29, 1945, he was convicted in the Vanderburg Circuit Court of Vanderburg County, Indiana, for the crime of armed robbery and received a sentence of ten years, for which he was sent to the Indiana State Reformatory at Pendleton, Madison County, Indiana, and was thereafter, on January 1, 1946, transferred to the Indiana State Prison at Michigan City, LaPorte County, Indiana.

Thereafter, on October 25, 1947, petitioner was transferred by Jake A. Nall and Harvey Tabb, Deputy Sheriffs of Hardin County, Kentucky, from the prison in LaPorte County, Indiana, to Elizabethtown, Kentucky and on December 10, 1947, in the Hardin Circuit Court, he was convicted upon the indictment for murder returned against him November 19, 1942 and sentenced to a term of fifteen years in the penitentiary. The judgment and sentence in the Hardin Circuit Court provided that the defendant be taken by the Sheriff of Hardin County, Kentucky, "when ordered by the Court to do so, to the Kentucky State Reformatory at LaGrange, Kentucky, and there confined at hard labor for the period of fifteen (15) years."

It was further ordered by the Court that the sentence there imposed should not run concurrently with the sentence, or any of them, upon which the defendant was then serving, or was required to serve in the Indiana State Prison at Michigan City, but it was ordered that service on the judgment of the Hardin Circuit Court should "begin at such time as the defendant may be incarcerated thereupon in the Kentucky State Reformatory, whether that be upon the expiration or satisfaction of the said sentence, the defendant is now serving as aforesaid in the said Indiana State Prison, or his release therefrom, or such time as the Court may hereafter order, * * *".

The judgment then directed that Vickery should have credit upon the judgment only for the time actually served in the Kentucky State Reformatory, beginning as of the future time when the defendant should actually be placed in the Reformatory.

The Deputy Sheriff was directed to convey and deliver Vickery back to the Indiana State Prison at Michigan City, Indiana, pursuant to a requisition and extradition under which the said defendant was brought from Indiana to Kentucky for the trial in the Hardin Circuit Court.

Petitioner alleges that he was thereafter returned to the prison in LaPorte County, Indiana, and on August 28, 1952, in a habeas corpus proceeding had in the LaPorte Circuit Court, petitioner was released and discharged from custody of the Indiana State Prison under the judgment of the Vanderburg Circuit Court, because it was the opinion of that Court that in surrendering the custody of the petitioner to the Kentucky authorities, in order that he might be. tried on the indictment in. the Hardin Circuit Court, the State of Indiana had surrendered jurisdiction of the defendant.

The judgment in the habeas corpus proceeding provided, however, that the defendant be surrendered to the Kentucky authorities.

Petitioner alleges that he was transferred on the 31st of January 1953, by agents of the Commonwealth of Kentucky from the LaPorte County jail in LaPorte County, Indiana, to Elizabethtown, Kentucky, and committed finally to the Kentucky State Reformatory at LaGrange, where he is now illegally detained.

Petitioner contends that when the authorities in Kentucky authorized his removal back to Indiana, for pronouncement of the sentence of the Hardin Circuit Court upon him, that the return to Indiana with the consent of the Kentucky authorities, operated as a legal pardon to the same extent as though he had been handed a written official pardon, and that Kentucky thereby legally and forever waived jurisdiction over the petitioner.

Petitioner claims that his present restraint and imprisonment are illegal and in violation of the Fourteenth Amendment to the Constitution of the United States.

The application for a writ is filed under the provisions of Section 2254 of Title 28, U.S.Code. That section provides that the District Court shall not grant the writ unless it appears that the applicant has exhausted the remedies available in the Courts of the State or that there is an absence of State corrective process, or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

There are therefore two questions presented to this Court—(1) Has the applicant exhausted the remedies available to him under State process and (2) Is his present detention in violation of the Fourteenth Amendment to the Federal Constitution.

742

In the case of Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 310, 66 L.Ed. 607, the Court said—

"One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it."

It is noted in that case that the execution of a second sentence may be made to commence when the first sentence terminates and Counsel for petitioner has directed the Court to no authority holding that the judgment of the Kentucky Court, directing that Vickery's confinement under its sentence should begin when he was released from his sentence or sentences under which he was then confined in the Indiana Prison, was illegal.

In the case of Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 96 L.Ed. 541, the Supreme Court reaffirmed the holding in Ker v. People of State of Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421, that the power of a court to try a person for crime is not impaired by reason of a "forcible abduction". The Court there holds that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards [342 U.S. 519, 72 S.Ct. 512].

"There is nothing in the Constitution," says the Court "that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."

The doctrine in the Ponze case has been announced by the Courts in many cases.

Extracts from a few will suffice. In United States ex rel. Demarois v. Farrell, 8 Cir., 87 F.2d 957 on page 962, the Court said—

"When a person has violated the criminal statutes of two different sovereigns, it is for the interested sovereigns and not the criminal to settle which shall first inflict punishment."

In Ex parte Rockwell, D.C.Pa., 75 F. Supp. 702, there is this statement—

"The sovereign having the prior and exclusive jurisdiction and custody of a prisoner may voluntarily surrender him to the other sovereign for the purpose of trial and sentence on a criminal charge. The matter of waiver of exclusive jurisdiction involves no personal right of the petitioner; it is not subject to his control; it addresses itself solely to the discretion of the sovereign."

In Wing v. Stewart, D.C., 77 F.Supp. 257, 259, the Court said—

"Where a person has violated the criminal statutes of two different sovereignties, it is for the interested sovereignties, and not for the criminal, to decide how the punishment inflicted upon such person shall be served, and the order of such service. State v. McKee, 193 La. 39, 190 So. 325. Arrangements so made between the Federal Government and a State do not concern the defendant or prisoner who has violated the laws of each sovereignty. Stamphill v. Johnston, 9 Cir., 136 F.2d 291."

It therefore appears to this Court that the petitioner is not illegally held under the sentence of the Hardin Circuit Court and the Hardin Circuit Court, in surrendering the custody of petitioner to the Indiana Court for service of the sentence imposed upon him in the Vanderburg Circuit Court of the State of Indiana, legally provided in its judgment that the service of the sentence of petitioner under the judgment of the Kentucky Court should begin when the defendant should have finished the service of the Indiana sentence.

There remains the question whether the petitioner has exhausted the rem-

edies available to him in Kentucky to correct the allegedly illegal custody under which he is now confined under the judgment of the Hardin Circuit Court. In Morgan v. Horrall, 9 Cir., 175 F.2d 404, 407, the Court said—

"If some rational balance is to be preserved in the matter of handling petitions for writs of habeas corpus in Federal Districts Courts it is proper that petitioners should be required to exhaust available remedies under the present liberal procedure which seems wholly adequate to meet a situation of the character here presented."

The Supreme Court, in the cases of Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61; Darr v. Burford, 330 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, and the more recent case of Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 437, denied jurisdiction of District Courts to entertain writs for habeas corpus, unless the petitioner, upon whom the burden of proof rests, shows that he has exhausted the remedies available in the Courts of the State.

There is no allegation in the petition here that Vickery has applied by motion, petition for habeas corpus or otherwise to the Hardin Circuit Court for the correction of the judgment under which he is now confined in the Kentucky State Reformatory, although it is obvious that under Chapter IV of Title X, Carrolls Kentucky Criminal Code of Practice, Sections 399–429–2. There is provided an adequate means of testing in the State Courts the validity of the judgment of the State Court.

Therefore the Court finds as facts the statements contained in petitioner's petition as to his confinement under the judgment of the Courts of Indiana and Kentucky, and further finds that under the habeas corpus proceeding in the State of Indiana, petitioner has been finally discharged on account of the judgment rendered in the Vanderburg Circuit Court for the State of Indiana and is now under confinement in the Kentucky State Reformatory under judgment of the Hardin Circuit Court rendered December 10, 1947.

As its Conclusion of Law, the Court determines 1. That petitioner has not exhausted the remedies provided by the Kentucky Criminal Code for testing the legality of his confinement under the judgment of the Kentucky Court, and not having exhausted his state remedies, this Court is without jurisdiction to entertain the petition for habeas corpus filed here. 2. That the defendant is not confined in the Kentucky State Reformatory in violation of his rights under the Fourteenth Amendment to the Federal Constitution.

An order discharging the writ is this day entered.