**Robert HAYWOOD, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

United States District Court,
S. D. New York.

Feb. 14, 1955.

Florence M. Kelley, Legal Aid Society, New York City, for petitioner. Bernard Moldow, J. Howard Rossbach, New York City, of counsel.

J. Edward Lumbard, U. S. Atty., New York City, for respondent. Myles J. Ambrose, Asst. U. S. Atty., New York City, of counsel.

WEINFELD, District Judge.

Reference is made to the Court's opinion dated December 30, 1954, 127 F.Supp. 485, and the order entered thereon directing a hearing on the issues and appointing counsel to represent petitioner's interests. Petitioner was brought here from the Federal Penitentiary at Leavenworth pursuant to a writ ad testificandum and testified in support of his application.

Upon all the evidence I find that the petitioner has failed to sustain his burden of overcoming the presumption of the regularity of the judgment of conviction;[1] in particular, his allegation that he was without the assistance of counsel or that he did not intelligently and competently waive that right.

There is no basis for a finding that Judge Goddard's invariable practice of advising an indigent defendant of his right to counsel and assigning counsel before accepting a plea of guilty was not followed in this case. It is true that the records of the Clerk's office do not contain the name of such counsel but the fact is that at the time in question, some fourteen years ago, the name of assigned counsel was not entered—a practice since changed, and fortunately so.

The petitioner, at the time of his plea and sentence, was not as he implies, an untutored and illiterate youth, but 21½ years of age, and had had contact with the law but a few months before. His testimony revealed that as of that time he had more familiarity than the average

---

1. United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248; Hawk v. Olson, 326 U.S. 271, 279, 66 S.Ct. 116, 90 L.Ed. 61; Walker v. Johnston, 312 U. S. 275, 286, 61 S.Ct. 574, 85 L.Ed. 830; Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461; United States v. Bradford, D.C.S.D.N.Y., 122 F.Supp. 915.

layman with court procedures and the constitutional rights of citizens.

I am persuaded that the defendant, who has had considerable experience with 28 U.S.C. § 2255 motions and coram nobis petitions, ascertained and latched on to the lack of notation of assigned counsel upon the court records, for the purpose of the present proceeding.

The petition is dismissed.