**UNITED STATES of America,**
**Plaintiff,**

v.

**Jimmie RUSSELL, a/k/a William Henry Upshaw, Defendant.**

United States District Court
S. D. New York.
Dec. 6, 1955.

Henry K. Chapman, New York City, for petitioner.

Paul W. Williams, U. S. Atty., by Robert A. Kirkland, Asst. U. S. Atty., New York City, for the United States.

WEINFELD, District Judge.

Petitioner, William Upshaw, moves for a writ of error coram nobis to set aside and vacate a judgment of conviction entered on April 2, 1931, upon his plea of guilty to the sale of narcotics. The basis of his motion is that he was not represented by counsel at the time of the pleading or sentence which was imposed immediately thereafter and that he did not intelligently waive his right to the assistance of counsel.

Upshaw is presently confined at Dannemora, a New York State prison, as a multiple offender. Originally he appeared in person but the Court appointed counsel who represented him at the hearing and later submitted a memorandum of law.

The petitioner has the burden of overcoming the validity of the judgment of conviction which carries with it the presumption of regularity and is not lightly to be set aside.[1]

Upshaw appeared at the hearing pursuant to a writ ad testificandum. He testified that when he pleaded guilty in 1931 he was not represented by counsel, had not been advised by the Court of his right to representation, that he was unaware of this right and that he never waived it. The Government offered no direct contradictory evidence—quite understandably so since the judgment under attack had been entered almost twenty-five years ago. Judge Coxe (retired) who sentenced the defendant, states that it was his practice in the year 1931 to inquire of persons who came before him for pleading without counsel whether they wished the Court to assign counsel to represent them and that he would assign counsel to those who so requested; further, he has no recollection of this particular case.[2] The only existing available records, the Clerk's Docket and indictment, contain no entry or notation indicating that petitioner was represented by counsel or that he waived his right to counsel.

The fact that the Government has no direct evidence to counter petitioner's testimony does not require the Court to accept it as true even though uncontradicted. The credibility of witnesses in passing upon the essential issues is still for the trier of the facts.[3] Here, assuming the petitioner has met his burden on the issue of non-representation by counsel, the question still remains whether there was an intelligent waiver of that right. And the determination of that issue depends upon the particular facts of each case, including the background, experience and conduct of the accused.[4]

The petitioner has had a long and varied experience with the criminal law as an offender before and after the 1931 conviction now under attack. At the time of his plea of guilty he was 31 years of age. He had already been convicted on eight prior occasions and by his own admission had been represented by counsel in a number but not all of those prosecutions. Thus in the light of his previous extensive experience as a defendant in criminal matters, his denial before me that at the time of his appearance before Judge Coxe he was unaware of his right to counsel is open to serious doubt, and perhaps this is an understatement. It

---

1. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

2. A stipulation was entered into between Government and defense counsel with the consent of the petitioner, as to what Judge Coxe would testify to in the event he was called as a witness.

3. Hawk v. Olson, 326 U.S. 271, 279, 66 S.Ct. 116, 90 L.Ed. 61; Adams v. U. S. ex rel. McCann, 317 U.S. 269, 281, 63 S.Ct. 236, 87 L.Ed. 268; Dyer v. MacDougall, 2 Cir., 201 F.2d 265; Haywood v. United States, D.C.S.D.N.Y., 128 F.Supp. 821.

4. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461.

**104**

casts a shadow upon the substance of all of petitioner's testimony. Where the Court has the opportunity to observe a witness and his manner of testifying— to obtain the benefit of "demeanor" evidence—it may conclude, and in this instance the Court does conclude, that the truth is the opposite of his story, particularly where, as here, there is a strong motive to fabricate.[5]

There is no basis for a finding that Judge Coxe deviated from his usual practice of inquiring whether defendants desired representation and assigning counsel to those who so requested.

■■ Upon all the facts and circumstances the Court concludes that the petitioner intelligently, understandingly and competently waived his right to counsel.[6] It is true that the Clerk's Docket fails to contain a notation either of the assignment or waiver of counsel, but it is observed that at the time in question and for some period thereafter such entries were not made—a practice long since corrected.[7]

As to petitioner's further claim that he was suffering from the effects of narcotics withdrawal, in consequence of which "most of the proceedings * * * were consummated without any conscious knowledge on his part", which of course also goes to the issue of "intelligent and understanding" waiver, nothing more need be said than that the proof on this subject was entirely unconvincing.

On all the evidence, and after observing petitioner and upon an evaluation of his testimony, I am persuaded that he has failed to sustain his burden of overcoming the presumption of regularity of the judgment of conviction.

The petition for writ of coram nobis is denied.

5. Dyer v. MacDougall, 2 Cir., 201 F.2d 265, 269.

6. United States v. Dunbar, 2 Cir., 212 F. 2d 654.

7. The Court here takes judicial notice of its own records. Ira S. Bushey & Sons, Inc., v. W. E. Hedger Transp. Corp., 2 Cir., 167 F.2d 9, 12; Fletcher v. United States, 4 Cir., 174 F.2d 373, 376.