**Lawrence F. ARNOLD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7934.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 5, 1959.

Decided Oct. 17, 1959.

Charles W. Laughlin, Richmond, Va. (Court appointed counsel), for appellant.

Arthur G. Howe, Asst. U. S. Atty., Charleston, S. C. (N. Welch Morrisette, Jr., U. S. Atty, Columbia, S. C., on brief), for appellee.

Before HAYNSWORTH and BOREMAN, Circuit Judges, and FIELD, District Judge.

PER CURIAM.

██ Pursuant to the provisions of 28 U.S.C.A. § 2255, the defendant filed a motion to vacate sentence upon the ground, among others, that he was not "given legal advice by counsel" before acceptance of his pleas of guilty. The motion was denied and the defendant has appealed.

The defendant was arrested in Charleston, South Carolina, charged with the interstate transportation of a stolen automobile. A similar charge was pending against him in the Eastern District of Pennsylvania. The record suggests that the probation report contains information that the defendant has a very long criminal record and was at the time in need of medical and psychiatric treatment.

The defendant consented to a transfer of the charges pending in the Eastern District of Pennsylvania to the Eastern District of South Carolina, pursuant to the provisions of Rule 20, Fed.Rules Crim.Proc. 18 U.S.C.A. By special arrangement, his cases were called for trial a few days later. There, he waived indictment upon the South Carolina charge, pled guilty to both offenses, and was sentenced to five years for each offense, the sentences to run consecutively, with a strong recommendation of the District Judge that he be committed to a hospital for the insane for proper treatment. The District Judge declared that the probation report indicated that the defendant was not a normal man and was badly in need of treatment, despite the fact that he had once been pronounced cured after earlier treatment.[1]

Before accepting the pleas of guilty, the Clerk of the Court, not the District Judge, inquired of the defendant whether he had an attorney, after which he was then asked by the Clerk if he wished the Court to appoint an attorney to represent him, whereupon the defendant pointed to the probation officer. This, the Clerk took to mean that he did not wish an attorney appointed to represent him and, without further explanation, proceeded to read the information, accept the waiver of indictment and the plea of guilty. A similar procedure was followed in connection with the Pennsylvania charges transferred under Rule 20.

During the course of these proceedings the defendant became speechless. He indicated assent to many of the questions of the Clerk by nodding his head and pointed with his finger, apparently in the direction of the probation officer, when asked if he wished an attorney.

██ Doubtless the transfer of the Pennsylvania charges and the report of the probation officer led the District Judge to the firm conviction that the defendant's pleas were freely and voluntarily made, and that the defendant was in haste to be removed from the county jail and transferred to an institution where he could receive proper medical treatment. We are confident that this conviction of the District Judge was warranted, but the District Judge has the duty of ascertaining for himself that the defendant fully understands his constitutional rights and enters his plea voluntarily and with understanding. The duties imposed upon the Court cannot be discharged in extrajudicial interviews by the probation officer.

The Supreme Court has said in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461:

> " * * * The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

---

1. The record here does not indicate the nature of the defendant's illness. He has raised no question of his capacity to stand trial and we have no information upon which we can pass upon it. If there is any doubt about that question, of course, it should be resolved before trial and before any plea is accepted.

\* \* \* \* \* \*

"The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused— whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record."

The requirement was further elaborated in Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 322, 92 L.Ed. 309:

"It is the solemn duty of a federal judge before whom a defendant appears without counsel to make a thorough inquiry and to take all steps necessary to insure the fullest protection of this constitutional right at every stage of the proceedings. Johnson v. Zerbst, 304 U.S. 458, 463, 58 S.Ct. 1019, 82 L.Ed. 1461; Hawk v. Olson, 326 U.S. 271, 278, 66 S.Ct. 116, 120, 90 L.Ed. 61. This duty cannot be discharged as though it were a mere procedural formality. \* \* \*

" \* \* \* To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered."

Particularly, in the light of the defendant's mental condition and his inability to speak, what transpired at the time of arraignment cannot be held to be the searching inquiry which is required.

The order is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.