17982

Sylvester MOORE, Appellant, v. The STATE of South Carolina and
W. M. Manning, Superintendent, South Carolina State Penitentiary,
Respondents.

(128 S. E. (2d) 109)

*Sylvester Moore,* of Columbia, *Appellant, Pro Se,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Clarence T. Goolsby, Jr., Assistant Attorney General,* of Columbia, *for Respondents,*

October, 29, 1962.

BUSSEY, Justice.

Appellant is serving a sentence imposed upon his having been found guilty by a jury of the offense of attempted robbery. He petitioned for a writ of habeas corpus, and was granted a hearing by the Circuit Court and given an opportunity to present witnesses and to testify in his own behalf, but offered no evidence in support of his petition, the material allegations thereof being traversed by a return on the part of the State.

The Circuit Court decided that no showing had been made that entitled petitioner to relief and issued an order dismissing the petition, from which order comes this appeal.

Appellant argues that he was convicted on false testimony and that he was incompetently represented by court appointed counsel. His contention, in brief, is that his counsel was not successful in eliciting the truth upon cross examination of witnesses for the State and that if he had not been denied compulsory process for obtaining witnesses, he could have, through such witnesses, impeached, in part, certain testimony adduced on behalf of the State.

Most of appellant's petition and argument are addressed to matters which would not constitute grounds for relief by way of habeas corpus, even if proved. The only question conceivably, properly before this court on appeal is whether appellant made any showing that he was, in fact deprived of compulsory process. No case has been cited or has come to our attention holding that such denial entitles one to relief by habeas corpus. Assuming, however, without deciding that such is a proper ground for relief the burden was upon appellant to show that his constitutional right to obtain witnesses for his defense had been violated. *Zahn v. Hudspeth,* 102 F. (2d) 759 (10 Cir. 1939), cert. denied, 307 U. S. 642, 59 S. Ct. 1045, 83 L. Ed. 1522 (1939) ; *Hawk v. Olson* 326 U. S. 271, 66 S. Ct. 116, 90 L. Ed. 61 (8 Cir. 1945) ; 39 C. J. S., Habeas Corpus, § 100.

Appellant alleged in his petition that he was told by the solicitor that he was not allowed to subpoena witnesses and that the appellant could not ask the judge to advise him, and that when he asked his counsel to subpoena witnesses, was told it would be of no use. On the hearing he offered no evidence whatsoever in support of said allegations, but contended instead that he had four witnesses whom he was unable to contact. His statement, at the hearing, taken as a whole rather indicates that he himself did not know of the existence of any alleged witnesses in his behalf at the time of the trial, and there is a total absence of any evidence that

he made any attempt to have the witnesses summoned or otherwise made known the desire that they be present at the trial. There is no showing whatever that any such witnesses were available at the time of his trial. *Cf. Tabor v. Swenson,* 193 Md. 706, 66 A. (2d) 205 (1949), cert. denied, 337 U. S. 947, 69 S. Ct. 1506, 93 L. Ed. 1749 (1949); *Walker v. Wright,* 189 Md. 304, 55 A. (2d) 849 (1947).

From the foregoing circumstances, it is clear that the appellant here simply failed to show that he was entitled to any relief and the circuit court was correct in denying him relief and dismissing his petition.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.