### (February 7, 1969)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE HUNT, Appellant.— COOKE, J. Appeal from an order of the County Court of St. Lawrence County, entered December 9, 1966, which denied, after a hearing, defendant's application in the nature of a writ of error *coram nobis* to vacate a judgment rendered May 17, 1963 on the basis of unfulfilled promises alleged to have been made to induce defendant to enter a plea of guilty. On November 17, 1966 there was entered a separate order of denial, relating to two other grounds for relief set forth in the petition, from which earlier order no appeal has been taken. Appellant, against whom there was pending one indictment containing two counts of grand larceny in the first degree, testified that, in the presence of his attorney, the Assistant District Attorney on April 19, 1963 offered a suspended sentence and that one of the indictments or charges would be dispensed with if he pleaded guilty to the indictment, to which arrangement the County Judge agreed. On that day he entered a plea of guilty to the first count, followed on May 17, 1963 by his sentence of from 2½ to 10 years, the execution of which was suspended, with provisions for probation. No witness was called to confirm or directly contradict the alleged offer or promise. Even if credence were given to defendant's version, he was not prejudiced so as to warrant *coram nobis* relief, there being no difference of substance between the effect of the sentence as allegedly

promised and that imposed. He could have been placed on probation in the event of a suspended sentence similarly as with the imposition of a sentence, the execution of which was suspended (Penal Law, § 2188, as amd. by L. 1952, ch. 21), in either of said events it would have been regarded as a conviction for the purpose of indictment and conviction of a second offense (Code Crim. Pro., § 470-b, as amd. by L. 1918, ch. 467) and, within certain time limitations, after a sentence was suspended the court could have imposed any sentence or made any commitment which might have been imposed or made at the time of conviction, just as the court could have revoked the order suspending execution of judgment and have ordered executed the judgment suspended or have modified the judgment so as to provide for the imposition of any punishment which might have been imposed at the time of conviction (Code Crim. Pro., § 470-a, as amd. by L. 1925, ch. 276). Furthermore, the strong presumption of regularity attending the judgment of conviction will give way only to substantial contrary evidence (*People* v. *Richetti,* 302 N. Y. 290, 298; *People* v. *Chait,* 7 A D 2d 399, 401, affd. 6 N Y 2d 855) and appellant had the burden of proving his claim by a fair preponderance of the credible evidence (*People* v. *Recore,* 29 A D 2d 893; *People* v. *Murphy,* 20 A D 2d 222, 225, cert. den. 377 U. S. 971). The trial court did not believe defendant's testimony which it was at liberty to do because of his self-interest (*Hawk* v. *Olson,* 326 U. S. 271, 279; *People* v. *Salters,* 20 A D 2d 731). Among other things, doubt is cast on the claim advanced by proof concerning the discussion and questions asked by the court at the time of and prior to sentence relating to probation and the suspension of execution of sentence, together with the answers thereto; the acknowledgment that he had been told at the time of the plea that a probation report would be taken into consideration in sentencing; defendant's responses that he had no legal cause to show why sentence should not be pronounced; and the failure to assert unfulfilled promises when charged with violation of probation and when making a *coram nobis* application before the sentencing Judge in December of 1963. (Cf. *People* v. *Nesbitt,* 7 A D 2d 763; *People* v. *Forsyth,* 4 A D 2d 1018.) Order affirmed. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Cooke, J.