No. 73–6230. BRESCIA *v.* NEW JERSEY. Super Ct. N. J. Certiorari denied.

MR. JUSTICE MARSHALL, with whom MR. JUSTICE BRENNAN joins, dissenting.

Petitioner was convicted in state court of assault and battery on a police officer. Because petitioner

was indigent, the court had appointed a member of the local Public Defender's office to represent him. On the morning of the first day of trial, this appointed attorney informed the court that he was not sufficiently prepared to go to trial, and that, in any case, he did not feel that he should continue as defense counsel because he had a close personal association with the State's key witness. The judge agreed that the attorney should be replaced but insisted the trial begin that day. Another member of the Public Defender's office, who happened to be in the courtroom at the time, was appointed as substitute counsel. The new attorney vigorously protested that he was totally unprepared and sought a continuance, but to no avail. The trial judge gave him just the noon recess to review his predecessor's inadequate files and to prepare for trial. When the attorney returned to the courtroom barely more than an hour later, he again protested his lack of preparation. The judge responded:

> "Lack of investigation lays at the doorstep of the Public Defender, not you. . . . The Public Defender's office should have done all of these things."

The trial thereupon began.

At the end of the first day, the lawyer complained that he had not even seen relevant material in the hands of the prosecution. The trial judge asked the District Attorney to provide defense counsel with a copy of a police report to look at overnight. On the morning of the second day of trial, defense counsel, still seriously concerned about his lack of familiarity with the case, moved for a mistrial. He cited his "lack of opportunity for any adequate investigation, interview of witnesses, review of the Grand Jury minutes and other necessary investigation . . . ." Terming defendant's trial a "mockery," counsel argued that he was simply unprepared

and could not render adequate assistance of counsel to his client. The judge responded:

"Your office is charged with the responsibility of making the investigation. . . . Notice is served on the Public Defender's office that when they receive notices from my secretary and receive notices from the Prosecutor [of the trial date], they are not coming in here and asking at the last moment for an adjournment on the basis they are not prepared."

The motion for a mistrial was denied and the trial continued subject to counsel's protests. Defense counsel's lack of preparation manifested itself throughout the trial. At one point, he advised the court that his consultations with his client indicated that the defense would have to call several witnesses. The trial judge allowed counsel to notify his office in this regard. Once the witnesses were subpoenaed and in court, the judge granted defense counsel a few moments to interview them for the first and only time before they took the stand.

Petitioner was convicted and sentenced to serve three to five years in state prison. The Appellate Division of the Superior Court affirmed the conviction and the New Jersey Supreme Court denied a petition for certification.

Petitioner asserts that by forcing him to trial with a woefully unprepared attorney, the court denied him his constitutionally guaranteed right to the effective assistance of counsel. The centrality of the right to counsel among the rights accorded a criminal defendant is self-evident:

"Of all of the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have." [1]

---

[1] Schaefer, Federalism and State Criminal Procedure, 70 Harv. L. Rev. 1, 8 (1956).

And this Court has repeatedly recognized that the right to counsel is the right to his effective assistance.[2] In the seminal right-to-counsel case, *Powell* v. *Alabama,* 287 U. S. 45 (1932), the Court warned that the State's obligation to provide counsel is "not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case." *Id.,* at 71. Accordingly, the Court has found it "a denial of the accused's constitutional right to a fair trial to force him to trial with such expedition as to deprive him of the effective aid and assistance of counsel." *White* v. *Ragen,* 324 U. S. 760, 764 (1945).

Timely appointment and opportunity for adequate preparation are absolute prerequisites for counsel to fulfill his constitutionally assigned role of seeing to it that available defenses are raised and the prosecution put to its proof. Cf. *United States* v. *Ash,* 413 U. S. 300, 312–313 (1973); *Powell* v. *Alabama, supra,* at 71.

> "Adequate preparation for trial often may be a more important element in the effective assistance of counsel to which a defendant is entitled than the forensic skill exhibited in the courtroom. The careful investigation of a case and the thoughtful analysis of the information it yields may disclose evidence of which even the defendant is unaware and may suggest issues and tactics at trial which would otherwise not emerge." *Moore* v. *United States,* 432 F. 2d 730, 735 (CA3 1970) (en banc).[3]

---

[2] See, *e. g., McMann* v. *Richardson,* 397 U. S. 759, 771 n. 14 (1970).

[3] See *United States* v. *DeCoster,* 159 U. S. App. D. C. 326, 487 F. 2d 1197 (1973); *Coles* v. *Peyton,* 389 F. 2d 224 (CA4 1968). See generally American Bar Association Project on Standards for Criminal Justice, Prosecution and Defense Function § 4.1 (Approved Draft 1971), and Providing Defense Services § 5.1 (Approved Draft 1971); Bazelon, The Defective Assistance of Counsel, 42 U. Cinn. L. Rev. 1 (1973).

This Court has refused to adopt a *per se* rule as to when a late appointment renders representation ineffective and has held that the circumstances of each case must be examined to determine what constitutes a reasonable amount of time in which to prepare a case. *Chambers* v. *Maroney*, 399 U. S. 42 (1970). But the Court long ago cautioned that "the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel." *Avery* v. *Alabama*, 308 U. S. 444, 446 (1940). It is inconceivable that the noon recess afforded petitioner's new attorney an ample opportunity to adequately prepare for the four-day trial that followed. When he went to trial, counsel had barely met his own client, had interviewed none of the ten other witnesses called, had not obtained any of the grand jury minutes, had no opportunity for pretrial discovery or even to secure a bill of particulars, had never had access to information in the prosecutor's file, and clearly had no time to develop a trial strategy.

This is not a case where counsel had ample opportunity to prepare a defense but failed to do so because his client was uncooperative or for some other reason. This case does not involve a trial judge's power to set a trial date which affords counsel adequate time to prepare and then insist that, absent unusual circumstances, counsel commence trial on that date. If petitioner had gone to trial with his original attorney this would be a different case. But that attorney was relieved, and counsel who was appointed in his stead had likely never seen or heard of petitioner's case until little more than an hour before the trial began. Cf. *Ungar* v. *Sarafite*, 376 U. S. 575, 589 (1964).

The State argues that both petitioner's original and his substitute attorney were from the same Public Defender agency, and that the agency had sufficient time to prepare. The trial judge repeatedly indicated that he was going to continue the trial because "[l]ack of investigation lays at the doorstep of the Public Defender, not [the substitute attorney]." The issue in determining whether a defendant has been deprived of the effective assistance of counsel is not whether the defense attorney is culpable for the failure but only whether, for whatever reason, he has failed to fulfill the essential role imposed on him by the Sixth Amendment. No matter upon whose doorstep the judge cared to lay blame for counsel's lack of preparation, the cost of the failure should not have been visited upon the defendant—who was without responsibility.

It is axiomatic that "[t]he defendant needs counsel and counsel needs time." *Hawk* v. *Olson,* 326 U. S. 271, 278 (1945). Here, counsel did not have "time" and as a result defendant may well have been deprived of his right to the adequate assistance of counsel guaranteed by the Constitution.

I would grant certiorari and set this case for argument.