[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11790

_____

WILLIE THOMAS,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:18-cv-62348-PCH

_____

Before ROSENBAUM, JILL PRYOR, and ED CARNES, Circuit Judges.

ED CARNES, Circuit Judge:

The parties and the district court are familiar with the details of this case, so we will skip to the bottom line. We have decided that the most efficient way to address this appeal, and a fair way, is to order a limited remand of the case for the district court to make fact findings relevant to the issue of whether permitting the petitioner to amend his habeas petition another time would be futile.

The transcript of petitioner's state trial contains his colloquy with the court about whether he wanted to testify. It indicates that, after having been correctly advised by his attorney about the circumstances under which the jury would be informed of the nature of his eleven prior felony convictions, petitioner four times informed the state court that he did not want to testify (twice through his counsel and twice himself). *See* Doc. 19-4 at 9, 13, 15, 17. He was firm and unequivocal about that. Only after he had, four times, announced his decision not to testify did the state court judge make the statement that the parties agree misinformed the petitioner. The statement was that if he took the stand, the jury could be told how many of his prior convictions involved crimes of dishonesty even if he admitted the existence and number of them. After the court's statement, nothing changed; the petitioner reiterated his decision not to testify.

Because the petitioner had already announced multiple times that he had decided not to testify before the state court made the arguable misstatement to him, it appears that his claim he would have testified but for the court misstating the law to him would fail. If so, amending his petition to include that claim would be futile. Futility, of course, is an appropriate basis for denying a motion to amend. *See, e.g.*, *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

In his brief to us, however, the petitioner asserts that but for the state court's erroneous advice to him about the law, he would have changed his mind and announced that he did want to testify after all. There is nothing in the record to support that assertion, but it might be because the futility issue was neither raised by the government nor reached by the district court.

But the futility issue was raised before us, and it involves credibility and factual issues that can and should be addressed by the district court on a limited remand. If the petitioner continues to insist that he would have changed his mind but for the state judge's misstatement about the law, the district court should permit petitioner to testify to that at an evidentiary hearing. The district court is, of course, the factfinder and will be the sole judge of the petitioner's credibility. The court is not required to believe the petitioner's testimony even if it is not rebutted by any other testimony. *See, e.g.*, *Hawk v. Olson*, 326 U.S. 271, 279 (1945) ("This, of course, does not mean that uncontradicted evidence of a witness must be accepted as true on the hearing. Credibility is for the trier

of facts."); *Negrón v. City of Miami Beach*, 113 F.3d 1563, 1570 (11th Cir. 1997) (noting that "the district court as factfinder was free to reject" a witness' "testimony, even if it was uncontradicted"); *Tyler v. Beto,* 391 F.2d 993, 995 (5th Cir. 1968) ("Credibility is for the trier of the facts and the uncontradicted testimony of a witness does not have to be accepted.").

We remand to the district court for the limited purpose of making credibility and fact findings about whether the petitioner would have changed his mind and decided to testify at trial if the state court had not made the allegedly incorrect statement. The district court should decide whether the motion to amend should be denied on futility grounds. After it decides, the case and record should be returned to this Court. We retain jurisdiction to decide this appeal after the case comes back to us.

VACATED AND REMANDED FOR LIMITED PURPOSE; JURISDICTION RETAINED.[1]

---

[1] The government's motion to strike is DENIED as moot.