## UNITED STATES v. BRADFORD.

United States District Court,
S. D. New York.
July 15, 1954.

J. Edward Lumbard, U. S. Atty., Walter L. Stratton, Asst. U. S. Atty., New York City, of counsel, for United States.

E. F. W. Wildermuth, Jamaica, N. Y., for defendant.

WEINFELD, District Judge.

This petition by Bradford for a writ of error coram nobis follows in the wake of the Supreme Court ruling in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, that a District Court has power to vacate its judgment of conviction after the expiration of the full term of the sentence imposed thereunder.

Bradford up to the decision in the Morgan case made various applications, all unsuccessful, to vacate the judgment of conviction which had been entered upon his plea of guilty during the progress of trial after the Government had put in the bulk of its evidence. He also pled guilty

on behalf of the co-defendant Business Research Inc. He was sentenced to a year and a day on two counts to run concurrently and as to two additional counts the sentence was suspended and he was placed on three years' probation to commence after the service of the imposed sentence.

Within a few days after the commencement of his sentence, Bradford took the first of various steps to vacate his conviction. He appealed to the Court of Appeals on the grounds: (1) that the District Court had no jurisdiction; and (2) that the indictment did not charge a crime. The appeal was dismissed as frivolous.[1]

His next move was to file an application under § 2255 of Title 28 U.S.C., to vacate the sentence alleging that he had been compelled in violation of his constitutional rights to testify before the Grand Jury which had returned the indictment against him and the corporation, but withdrew this motion on the ground that it was "inadequate." Shortly thereafter he petitioned for a writ of habeas corpus, which was denied. His appeal from the denial of the writ was dismissed by the Court of Appeals because the issue had become moot, petitioner having served his term and been released.[2]

Then followed his last step prior to the present application. This was a motion to vacate the judgment of conviction on the ground that: (1) he had been forced to testify without representation by an attorney when subpoenaed to testify before the Grand Jury which returned the indictment; and (2) the indictment was void because he had been compelled to testify before that body.

The District Court denied the motion on the merits after a hearing. Upon appeal the Court of Appeals sua sponte raised the question of the District Court's jurisdiction to entertain the mo-

1. In late 1953, Bradford attempted to challenge this dismissal by a petition in the nature of a bill of review. This "writ" was dismissed by the Court of Appeals, 2 Cir., 194 F.2d 197, and cer- tiorari was denied. Bradford v. United States, 347 U.S. 945, 74 S.Ct. 642.

2. United States ex rel. Bradford v. Thompson, 2 Cir., 185 F.2d 1021.

tion and concluded that it should have been dismissed, without considering the merits, because of lack of jurisdiction.[3] The basis of the Court's ruling was that since Bradford was not in actual confinement or subject to custody under parole, he was in no position to review the conviction by habeas corpus or by a motion under 28 U.S.C. § 2255. The Court of Appeals expressly reserved the issue of the power to grant a common law writ of coram nobis when a petitioner was detained pursuant to a state or federal judgment of conviction and the period of detention under that judgment of conviction was dependent upon the earlier federal conviction which the petitioner would attack.

Subsequently, in United States v. Morgan, 2 Cir., 202 F.2d 67; United States ex rel. Lavelle v. Fay, 2 Cir., 205 F.2d 294, United States ex rel. Farnsworth v. Murphy, 2 Cir., 207 F.2d 885, the Court of Appeals held that notwithstanding 28 U.S.C. § 2255, the ancient remedy of coram nobis was reserved to the District Courts although petitioner was no longer in custody or subject to custody under the judgment attacked when, in fact, he was detained by virtue of another judgment under which sentence was in some measure determined or controlled by the challenged judgment.

 Following these rulings and in reliance upon them petitioner filed his present application for a writ of error coram nobis. It was not brought on for argument until after the Supreme Court had affirmed the Court of Appeals in the Morgan case. By that time the petitioner had served his sentence, he was no longer subject to parole or probation under the counts as to which sentence had been suspended, and was not detained under either a federal or state

court judgment of conviction. Nonetheless, I decided to grant a hearing in view of the broad sweep of the majority opinion in the Morgan case. The Court there stated that "[A]lthough the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected. As the power to remedy an invalid sentence exists, we think, respondent is entitled to an opportunity to attempt to show that this conviction was invalid."[4] Although petitioner was afforded the opportunity by my ruling to sustain the allegations and charges in his complaint, and although he had the burden of proof,[5] he failed at the hearing to testify or offer any proof, preferring to rest upon the allegations in his petition. The Government, on the other hand, called witnesses who were cross-examined by petitioner's counsel.

With but one exception, the present charges are similar to those previously made and found wanting. The additional charge is that following his arrest he was denied—without proper waiver—the right to be taken before a United States Commissioner for the Eastern District of New York in violation of Rule 40(a) of the Federal Rules of Criminal Procedure, 18 U.S.C., and was thereby deprived of a claimed right to resist removal from that district to the Southern District of New York, and also of his right to counsel at such removal hearing.

 Bradford was arrested on Sunday, September 18th, 1949, at about 5:00 p. m. at his home in the Eastern District of New York, which adjoins this district. The arrest was made by a New York City police officer, accompanied by a federal postal inspector, pursuant to a warrant duly issued in the Southern District of New York by the United States Com-

---

**3.** 2 Cir., 194 F.2d 197.

**4.** United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, citing Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196 and Note, 59 Yale Law Journal 786.

**5.** See United States v. Morgan, 2 Cir.,

202 F.2d 67, 69, affirmed 346 U.S. 502, 74 S.Ct. 247; Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61; Walker v. Johnston, 312 U.S. 275, 286, 61 S.Ct. 574, 85 L.Ed. 830; Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L. Ed. 1461; Bojinoff v. People, 299 N.Y. 145, 85 N.E.2d 909.

missioner for that district, based upon a sworn complaint made by the postal inspector. Without delay Bradford was booked at the local police station, then promptly brought to the police headquarters located within the Southern District of New York; indeed, within a stone's throw of the Federal Court House. Early the next morning, he was taken from police headquarters and arraigned in the Southern District of New York before the United States Commissioner who had issued the warrant for Bradford's arrest. He was fully informed by the Commissioner of the charge against him and his right to counsel—all in compliance with Rule 5(b) of the Federal Rules of Criminal Procedure. Upon his demand for examination, the matter was adjourned and bail was fixed in a reasonable sum.

Petitioner specifically claims that he should have been taken before a Commissioner in the Eastern District, where he was entitled to a hearing to resist removal to the Southern District with the aid of counsel and that the failure to afford him such hearing invalidated the subsequent indictment to which he pled guilty. On the law and the facts the contention is without merit. Since Bradford was arrested in the Eastern District of New York and the warrant had been issued upon a complaint in the Southern District of New York, he was only entitled to be brought "without unnecessary delay before the nearest available Commissioner or before any other nearby officer empowered to commit persons charged with offenses against the law of the United States." Rule 5(a).[6] Both districts being within the same state, he was not entitled to contest his removal from the Eastern to the Southern District of New York under the Federal Rules of Criminal Procedure; nor does the Constitution require such a proceeding.[7] In fact, Rule 40(a) was intended to prevent precisely what petitioner here urges and the delays and frustration of prosecutions inherent in such suggested procedure.[8] Had Bradford been taken to the Eastern District and had the Commissioner there held him to answer, the Commissioner would have been required to bind him over to the Southern District Court where the original complaint had been filed.[9] Moreover, when Bradford was arrested on Sunday evening, September 18th, 1949, it appears that no Commissioner was available in either the Eastern or Southern Districts of New York. On the following morning the nearest Commissioner available was in the Southern District of New York, where he was promptly arraigned. Under these circumstances it cannot be said that by his arraignment in this district, instead of the Eastern District, Bradford was prejudiced or deprived of a "fundamental right." [10] Even assuming arguendo that there was any technical error in his arraignment in the Southern District, Bradford waived it when he went to trial with competent counsel and took no action with respect to the alleged defect.[11]

---

6. "Rule 40(a). Arrest in Nearby District. If a person is arrested on a warrant issued upon a complaint in a district other than the district of the arrest but in the same state, * * * he shall be taken before the nearest available commissioner or other nearby officer described in Rule 5(a) * * *."

7. United States ex rel. Kassin v. Mulligan, 295 U.S. 396, 400, 55 S.Ct. 781, 79 L.Ed. 1501; United States ex rel. Hughes v. Gault, 271 U.S. 142, 149, 152, 46 S.Ct. 459, 70 L.Ed. 875.

8. Federal Rules of Criminal Procedure, Rule 40, Notes of the Advisory Committee, n. 2; 6 New York University School of Law Institute Proceedings, The Federal Rules of Criminal Procedure, Part II (Proceedings of the Institute on Federal Rules of Criminal Procedure), p. 131.

9. Federal Rules of Criminal Procedure, Rule 40, Advisory Committee's Notes, n. 3.

10. Cf. Dainard v. Johnston, 9 Cir., 149 F. 2d 749, 751.

11. Rule 12(b) (2) of the Federal Rules of Criminal Procedure; cf. United States v. Taylor, 2 Cir., 207 F.2d 437.

After conduct of the hearing and taking of testimony and upon the record of all proceedings, I make the following

### Findings of Fact

(1) The defendant, Robert L. Bradford, was arrested on Sunday, September 18th, 1949, at or about 5:00 P. M. at his home in the County of Queens, City and State of New York, within the Eastern District of New York pursuant to a warrant for his arrest duly issued on September 13th, 1949, in the Southern District of New York by United States Commissioner Edward W. McDonald based upon a complaint charging violation by the defendant and Business Research Inc. of § 1341 of Title 18 U.S.C.

(2) At the time of the said defendant's arrest, a United States Commissioner was not available in the Eastern District of New York, nor for that matter was one available in the Southern District of New York. The defendant was promptly taken to, and detained in custody at, the police headquarters of the City of New York, at 240 Centre Street, New York City; on the morning following his arrest, September 19th, 1949, he was promptly arraigned upon said complaint before Hon. Edward W. McDonald, United States Commissioner in and for the Southern District of New York, the nearest Commissioner available for such purpose and the Commissioner who had issued the warrant of arrest based upon the complaint against the defendant. At the time, the defendant was informed by said United States Commissioner of the complaint against him, of his right to retain counsel, his right to have a preliminary examination, and that he was not required to make a statement and that any statement made by him might be used against him. Upon the demand of the defendant Bradford for examination, the matter was adjourned by the United States Commissioner and bail was then and there fixed in the sum of $5,000, a reasonable sum.

(3) On October 27th, 1949, the Grand Jury in and for the Southern District of New York voted Indictment No. C131-56 against the defendant Robert L. Bradford and Business Research Inc., of which he then was, or had been, an officer and director, charging violation of the mail fraud statute, 18 U.S.C. § 1341. On October 31st, 1949, the defendant entered a plea of not guilty to said indictment on behalf of himself and on behalf of the corporate defendant. He was represented upon said plea by competent counsel.

(4) Thereafter, pursuant to a subpoena duces tecum served upon Bradford as an officer of the defendant Business Research Inc. to produce books and records of the corporate defendant, and not as an individual, he appeared before the Grand Jury as such officer; he was duly advised of his constitutional right to refuse to answer any questions which might tend to incriminate or degrade him personally; he was further advised that the inquiry related to the affairs and conduct of Business Research Inc.; questions put to him were confined to obtaining information as to the corporate records of Business Research Inc.; towards the conclusion of said hearing, the said defendant declined to answer questions, asserting his privilege under the Fifth Amendment of the Federal Constitution; prior to his appearance before the Grand Jury, the defendant freely conferred with his attorney, who was fully qualified to advise him as to his rights.

(5) On December 2nd, 1949, the Grand Jury in and for the Southern District of New York returned Indictment No. C131-128, wherein petitioner Robert L. Bradford and Business Research Inc. were named as defendants. On December 5th, 1949, the defendant Robert L. Bradford entered a plea of not guilty for himself and on behalf of the corporate defendant to said indictment, at which time he was represented by competent counsel. The sole difference between Indictment No. C131-56 and C131-128 relates to matters of form. Both contain the same number of counts. The difference is that the original indictment alleged that the defendants placed the letters in an authorized mail depositary,

whereas the subsequent one charged that the defendants caused the letters to be delivered to the respective addressees referred to in each count.

(6) At each and every stage of all proceedings had with respect to the aforesaid indictments, the defendant at all times had the advice and assistance of competent counsel and was duly and properly represented.

(7) On December 6th, 1949, trial of Indictment No. C131–128 commenced before the Hon. Irving R. Kaufman in the United States District Court for the Southern District of New York, during the course of which evidence was offered by the Government to support the charges set forth in the indictment and the trial was continued on December 7th, 1949, when the petitioner Robert L. Bradford withdrew his previously entered plea of not guilty and entered a plea of guilty for himself and also on behalf of Business Research Inc. as an officer thereof. Such pleas of guilty so taken in the midst of trial were voluntary. During the entire period of the trial and when the pleas of guilty were entered by the petitioner herein, he at all times had the advice and assistance of competent counsel.

(8) Many of the charges made by petitioner are utterly without foundation in fact. For example, to mention but two: the charge that on November 9th, 1949, he testified before the Grand Jury because of his " * * * fear of being physically assaulted and beaten, deprived of food and sleep, and other illegal retaliation * * * " and the charge "that on December 7th, 1949, petitioner,

upon the representation and promise of his then court-appointed counsel that petitioner would receive a suspended sentence as to all counts in said indictment (No. 131–128) was thereby induced to plead guilty to said indictment * * *." With respect to the second charge mentioned—again I merely illustrate—the Government offered in evidence a letter sent by the defendant to the Assistant United States Attorney, after he had been sentenced, in which he thanked him for his "moderate recommendation in my matter and also for making no other reference to myself than appeared from the record." [12] When the Court at this hearing was about to admit this letter in evidence in view of the allegation of the petition, the charge was withdrawn.

### Conclusion of Law

That the constitutional rights of the defendant were not violated in any single respect either in connection with his arrest, his arraignment before the United States Commissioner in the Southern District of New York, or in connection with his appearance before the Grand Jury on November 9th, 1949,[13] or with respect to any step or proceeding pertaining to the indictments referred to herein. At all times he had the benefit and advice of competent counsel and his constitutional and statutory rights were duly and fully observed at each and every stage of the proceedings from the time of his arrest through and including the imposition of sentence.

The petition is dismissed as entirely lacking in merit or substance.

Settle order on notice.

12. Government Exhibit 2 for identification.

13. United States v. Austin-Bagley Corporation, 2 Cir., 31 F.2d 229; Carolene Products Co. v. United States, 4 Cir., 140 F.2d 61, 66–67; United States v. Lawn, D.C.S.D.N.Y., 115 F.Supp. 674; cf. United States v. Field, 2 Cir., 193 F.2d 92; Pulford v. United States, 6 Cir., 155 F.2d 944, 947; United States v. Scully, D.C.S.D.N.Y., 119 F.Supp. 225. See also Heike v. United States, 227 U.S. 131, 33 S.Ct. 226, 57 L.Ed. 450.