UNITED STATES of America, Plaintiff and Respondent,

v.

Robert L. BRADFORD, Defendant and Petitioner.

United States District Court
S. D. New York.
Jan. 20, 1959.

**710**

E. F. W. Wildermuth, Jamaica, N. Y., for defendant and petitioner.

Arthur H. Christy, U. S. Atty., New York City, for United States; Herbert C. Kantor, Asst. U. S. Atty., Forest Hills, N. Y., of counsel.

FREDERICK van PELT BRYAN, District Judge.

This is a petition for a writ of error coram nobis to vacate a judgment of conviction entered against petitioner Bradford on December 7, 1949 on a plea of guilty during the course of a trial. Bradford has fully served his sentence and is no longer in custody.

The present petition is one of a series of applications attacking the judgment of conviction, all of which have been thus far unsuccessful. Two of these were based on the same contentions now made.

The first of these dispositions was on June 4, 1951, when, in an unreported opinion after a hearing, Judge Irving Kaufman dismissed Bradford's second application for relief under § 2255 of Title 28 United States Code. The Court of Appeals reversed holding that the District Court was without jurisdiction since the petitioner was not in the "custody" required by § 2255. United States v. Bradford, 2 Cir., 1952, 194 F.2d 197. The subsequent decision in United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, makes it clear that Judge Kaufman's disposition on the merits was proper, considering the application as being for a writ of error coram nobis instead of a § 2255 motion.

> "In behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief * * *. [I]t would comprehend the power of the District Court to take cognizance of this motion [which the District Court had treated as a motion under § 2255] in the nature of a coram nobis." United States v. Morgan, supra, 346 U.S. at pages 504, 507, 74 S.Ct. at page 249.

In Bradford's next attempt at relief he again raised the present question. "Petitioner was without the assistance of counsel at every stage of the proceedings, including counsel personally present in the grand jury room." This petition was dismissed on the merits by Judge Weinfeld as "entirely lacking in merit or substance". United States v. Bradford, D.C.S.D.N.Y.1954, 122 F.Supp. 915, 920, appeal dismissed for failure to prosecute October 20, 1955. Judge Weinfeld's opinion fully sets forth the circumstances of Bradford's arrest, arraignment, indictment, trial and conviction.

Petitioner's present contention is that his conviction must be set aside because he had a right to counsel under the Sixth Amendment which was denied him when he appeared before the Grand Jury which indicted him. He claims that his appearance before the Grand Jury was involuntary and was made while he was under a similar earlier indictment. He appeared in response to a subpoena calling for the production of the books of his corporate co-defendant, of which he had been the principal officer. His theory is that since he was an "accused" under a pending indictment the failure to have counsel representing him personally present in the Grand Jury room while he was being examined constituted denial of his constitutional rights.

This is the same theory that Bradford advanced before Judge Weinfeld on his last application and he presents no facts on this application which were not before Judge Weinfeld then.

Judge Weinfeld made full findings as to all of the relevant facts. He found, 122 F.Supp. at page 920:

> "At each and every stage of all proceedings had with respect to the aforesaid indictments, the defendant at all times had the advice and assistance of competent counsel and was duly and properly represented."

With respect to Bradford's appearance before the Grand Jury Judge Weinfeld found (at age 919):

"Thereafter, pursuant to a subpoena duces tecum served upon Bradford as an officer of the defendant Business Research Inc. to produce books and records of the corporate defendant, and not as an individual, he appeared before the Grand Jury as such officer; he was duly advised of his constitutional right to refuse to answer any questions which might tend to incriminate or degrade him personally; he was further advised that the inquiry related to the affairs and conduct of Business Research Inc.; questions put to him were confined to obtaining information as to the corporate records of Business Research Inc.; towards the conclusion of said hearing, the said defendant declined to answer questions, asserting his privilege under the Fifth Amendment of the Federal Constitution; prior to his appearance before the Grand Jury, the defendant freely conferred with his attorney, who was fully qualified to advise him as to his rights."

There is a question as to whether I should decline to consider the merits of the present application. Since Bradford's appeal from Judge Weinfeld's decision against him was dismissed for failure to prosecute, it would seem that the disposition of the previous coram nobis petition on the merits is conclusive and that I should deny the application on that ground alone.

■ As stated in Darr v. Burford, 339 U.S. 200, at page 215, 70 S.Ct. 587, at page 596, 94 L.Ed. 761:

"On that application [for habeas corpus], the court may require a showing of the record and action of prior applications, and may decline to examine further into the merits because they have been decided against the petitioner. Thus there is avoided abuse of the writ by repeated attempts to receive a hearing on frivolous grounds, and repeated adjudications of the same issues by courts of coordinate powers."

See, also, Story v. United States, 8 Cir., 1950, 185 F.2d 952.

■ The findings of fact made by Judge Weinfeld and his comprehensive opinion completely dispose of the issues raised by the present application. The only point made by the petitioner is that In re Groban, 1957, 352 U.S. 330, 77 S.Ct. 510, 1 L.Ed.2d 376, decided subsequent to Judge Weinfeld's decision, has so changed the law from what it was when that decision was made as to require a different result. I can see nothing in the Groban case which leads to such a conclusion. The petitioner has shown no grounds which would justify a determination different from that which was made in the prior proceeding.

■■ It may be noted, moreover, that although petitioner was represented by counsel prior to the time when he was called before the Grand Jury, and had counsel to advise him before he went into the Grand Jury room, he never raised the question of the alleged violation of his constitutional rights until after he had been convicted upon his own plea of guilty to the indictment. If any of the facts on which the petitioner now relies had constituted a valid objection to the indictment the objection should have been raised before the trial and should not have been held in reserve until after the conviction. As stated in United States v. Garnes, D.C., 156 F.Supp. 467, 471, affirmed 2 Cir., 258 F.2d 530:

"A defendant may not wait until the end of a fair trial, at which he is found guilty, to make a motion to quash an indictment based upon facts and possible defects in the grand jury proceedings about which he knew before trial and at the time of the indictment."

This is all the more so where defendant has entered a plea of guilty to the indictment and his conviction is upon that plea.

The petition for writ of error coram nobis is in all respects denied.

So ordered.