**Oscar ANSOURIAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

United States District Court
S. D. New York.
April 26, 1965.

Oscar Ansourian, pro se.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, for the United States; Lawrence W. Newman, Asst. U. S. Atty., of counsel.

WEINFELD, District Judge.

Petitioner was arrested in this District on November 4, 1953 on a complaint issued in the District Court of Connecticut charging him with armed robbery of a federally insured Connecticut bank. He was brought before a United States Commissioner in this District, who fixed bail and set the matter down for a preliminary hearing on November 18. On that day petitioner, then represented by counsel, waived the hearing for the purpose, as noted by the Commissioner, "to await the transfer under Rule 20." On November 25 the petitioner and his counsel appeared in this Court and each executed a waiver of indictment and consent that the prosecution be by information. An information charging him with violation of the Bank Robbery Act, together with the previously executed waiver of indictment, were filed on December 3, 1953 in the District Court of Connecticut. On December 17 petitioner acknowledged receipt of the information, executed a consent under Rule 20, waived trial in the District of Connecticut, and consented "to the disposition of the case in the Southern District of New York, where I was arrested." On December 24 the Connecticut court forwarded to this Court the entire file in petitioner's case, including the aforesaid information, waiver of indictment and consent to transfer under Rule 20. Thereafter, on January 5, 1954, petitioner, represented by counsel, pleaded guilty and was sentenced to five years imprisonment and a five-year period of probation to follow.

Petitioner now challenges the validity of his conviction upon the ground that since he had been arrested in New York City, less than 100 miles from New

Haven, Connecticut, where the complaint had been filed, Rule 40(a) of the Federal Rules of Criminal Procedure [1] mandated that he should have been held to answer in the Connecticut District Court, instead of this District. Accordingly, he contends that all subsequent proceedings in this District, including his waiver of indictment, Rule 20 consent, and his plea of guilty are void because of the claimed infraction of Rule 40(a).

■ Since the sentence imposed in 1954 has already been served and petitioner no longer is in Federal custody, the maximum probation period having expired, he may not avail himself of Section 2255 relief.[2] However, his papers are deemed an application for a writ of error coram nobis, for it appears that the 1954 Federal conviction was taken into account when, in 1958, a state court sentenced him as a second felony offender, which state sentence he is now serving.[3]

■■ So viewed, the application must be denied. Coram nobis issues "only under circumstances compelling such action to achieve justice." [4] Assuming arguendo that petitioner should have been held to answer to the Connecticut court—despite his consent to be bound over in this District "to await the transfer under Rule 20" and his continued acquiescence to the proceedings here—nonetheless the writ of error coram nobis may not be used to correct a technical noncompliance with the Rule, which in no respect deprived him of a substantial right.[5]

■ Petitioner upon his arrest in this District was entitled to a hearing under Rule 5 of the Federal Rules of Criminal Procedure; had one been conducted and petitioner held to answer under Rule 40 (a), it would have been to the District of Connecticut. But on November 18, the scheduled date for the hearing, petitioner waived his right to a hearing "to await the transfer under Rule 20." Had he wished to answer the charges in Connecticut, he had but to refuse to waive the hearing, and thereafter only to decline to consent to the Rule 20 transfer. He did neither, but instead, with the advice of counsel, consented to the disposition of the matter in this District. His waiver of hearing and his consent to transfer, followed by his voluntarily entered plea of guilty, foreclose any claim that his rights were violated.[6] And apart from his waiver, even assuming noncompliance with Rule 40(a), petitioner was not prejudiced thereby and was not deprived of any substantial or constitutional right.

The application for a writ of error coram nobis is denied.

1. Fed.R.Crim.P. 40(a) provides, in part: "If a person is arrested * * * on a warrant issued upon a complaint in another state but at a place less than 100 miles from the place of arrest * * * he shall be held to answer to the district court for the district in which the prosecution is pending * * *."

2. 28 U.S.C. § 2255; United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

3. See 28 U.S.C. § 1651; United States v. Morgan, supra; United States ex rel. Lavelle v. Fay, 205 F.2d 294 (2d Cir. 1953); United States v. Bradford, 122 F.Supp. 915 (S.D.N.Y.1954).

4. United States v. Morgan, 346 U.S. at 511, 74 S.Ct. 247; United States v. Garguilo, 324 F.2d 795, 796 (2d Cir. 1963).

5. See United States v. Bradford, 238 F. 2d 395, 397 (2d Cir. 1956), cert. denied, 352 U.S. 1002, 77 S.Ct. 558, 1 L.Ed.2d 546 (1957) (noncompliance with Court rules with respect to admission to bar); United States v. Bradford, 122 F.Supp. 915, 918 (S.D.N.Y.1954) (alleged violation of Rule 40(a)). Cf. Boyes v. United States, 298 F.2d 828 (8th Cir.), cert. denied, 370 U.S. 948, 82 S.Ct. 1595, 8 L. Ed.2d 814 (1962).

6. Cf. Taylor v. United States, 111 F.Supp. 159, 162 (S.D.N.Y.), aff'd, 207 F.2d 437 (2d Cir. 1953).