**UNITED STATES of America,**
**Plaintiff,**

v.

**Troy T. SUMPTER, Defendant.**

**Cr. No. 14402.**

United States District Court
S. D. Texas,
Houston Division.

Aug. 1, 1968.

Morton L. Susman, U. S. Atty., and James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Troy T. Sumpter, pro se.

MEMORANDUM AND ORDER

INGRAHAM, District Judge.

Defendant, Troy T. Sumpter, a prisoner in federal custody, has forwarded to this court an application for writ of error coram nobis. The application was duly filed and is now before the court for consideration on the merits.

On September 7, 1962, defendant voluntarily and knowingly waived appoint-

ment of counsel and entered a plea of guilty to counts 1, 3 and 5 of a criminal information charging him with violating 21 U.S.C. Sec. 331(k). Defendant was found guilty upon his plea of guilty and sentenced to imprisonment for a term of six months on each of counts 1, 3 and 5, said sentences to run concurrently. In addition, defendant was fined $100.00 on each count for a cumulative total of $300.00. The sentences of imprisonment were suspended during good behavior for a period of five years without supervision. Suspension of imprisonment was further conditioned upon payment of the $300.00 fine within thirty days. The fine was subsequently paid in full though not within the thirty day period. Following sentencing, counts 2, 4 and 6 of the information were dismissed on the government's motion.

■ Defendant alleges that he was subsequently convicted of a second offense during his probationary period and that as a consequence of his conviction in this court, he was sentenced to serve an additional time. While it is not clear whether defendant is presently serving the sentence imposed by this court or the sentence meted out as a result of the second conviction, it will be assumed for present purposes that he is now confined as a result of the second conviction. Since defendant is not challenging a sentence under which he is currently confined, a motion for writ of error coram nobis is the proper procedure. Ansourian v. United States, 240 F.Supp. 864 (S.D.N.Y.1965), cert. denied, 383 U.S. 949, 86 S.Ct. 1208, 16 L. Ed.2d 212 (1966)

Defendant makes the following allegations of error in support of his application for writ of error coram nobis:

(1) Defendant was not present when the written judgment was entered in his case on September 12, 1962.

(2) The provisions of the written judgment are inconsistent with and contrary to the sentence as pronounced in open court.

(3) The sentence imposed by this court is invalid because defendant was placed on probation for a period which exceeded the maximum possible sentence provided by the statute to which he pleaded guilty.

■ No relief may be granted on the basis of defendant's first point of error since common sense and the authorities both dictate that the entry of written judgment is a mere ministerial act which cannot be classified as a critical proceeding. 24 C.J.S. Criminal Law § 1596 (1961). Cf. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). The record unquestionably demonstrates that defendant was present when sentence was pronounced from the bench in open court and that he was afforded full opportunity to speak in his own behalf.

■ Defendant's second point of error is predicated on the existence of an alleged fatal variance between the sentence as pronounced in open court and the written judgment. Specifically, defendant complains of the fact that his being placed on probation was not mentioned until the written judgment. Sentence was pronounced in the following terms:

"The sentences of imprisonment will run concurrently and will be suspended during good behavior for a period of five years without supervision. * * *"

The court is of the opinion that there is no significant discrepancy between the oral pronouncement of sentence and the written judgment. The manifest intendment of the phrase "will be suspended during good behavior" was that defendant would be placed on probation. Any variance between the language used in open court and that used in the written judgment is immaterial since the written judgment merely confirms the inference which of necessity must have been drawn from the oral pronouncement. Accord, Byrd v. United States, 345 F.2d 481 (10 C.A.1965). See also Baca v.

United States, 383 F.2d 154 (10 C.A. 1967), cert. denied, 390 U.S. 929, 88 S. Ct. 868, 19 L.Ed.2d 994 (1968); United States v. Duncan, 310 F.2d 367 (7 C.A. 1962), cert. denied, 373 U.S. 938, 83 S. Ct. 1542, 10 L.Ed.2d 693 (1963).

Defendant's final contention, i.e., that his sentence is invalid because the period of probation exceeds the maximum possible sentence, is likewise without merit. Defendant apparently takes the position that since he pleaded guilty to three counts charging violation of Section 331(k), Title 21, U.S.C., and since the maximum term of imprisonment which could be assessed for this offense under 21 U.S.C. Sec. 333(a) is three years, the court is consequently without authority to place him on probation for any period in excess of three years. No authority has been cited in support of this proposition and the court has found none in spite of a thorough search.

The only reference in the Probation Act, 18 U.S.C. Sec. 3651, to the maximum period of probation is that:

> "The period of probation, together with any extension thereof, shall not exceed five years."

In construing the act, however, the courts have held that the period of probation is *not* limited to the period of maximum sentence. Driver v. United States, 232 F.2d 418 (4 C.A.1956); Mitchem v. United States, 193 F.2d 55 (5 C.A.1951); Hollandsworth v. United States, 34 F.2d 423 (4 C.A.1929). The possibility of granting relief on the basis of the third allegation of error is thus foreclosed by the authorities.

Having considered each of defendant's points of error and having found each to be without merit, it is the opinion of the court that he is not entitled to the relief prayed for. Accordingly, the motion for writ of error coram nobis should be and hereby is denied.

True copies hereof will be forwarded by the clerk to the defendant and the United States Attorney.