Norman **FRANZEN**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. 3160.

Supreme Court of Alaska.

Jan. 20, 1978.

Robert Merle Cowan, Asst. Public Defender, Kenai, Brian Shortell, Public Defender, Anchorage, for appellant.

James L. Hanley, Asst. Dist. Atty., Thomas M. Wardell, Dist. Atty., Kenai, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

OPINION

BURKE, Justice.

This is a sentence appeal.[1] Appellant's sole contention is that the superior court erred in considering certain information appearing in his presentence report.[2] He makes no direct claim that the sentence was excessive.

That portion of the presentence report complained of consists of the following statements:

It is said that [appellant] was associating with a former Eagle River [prison] inmate and that his circle of friends consisted of known drug users and dealers. Norman does not deny this implication,

---

1. AS 12.55.120 provides for appellate review of criminal sentences.

2. Technically, the appeal in this case may not qualify as a "sentence appeal" under AS 12.55.-120, since there is no claim that the sentence itself is excessive. Nevertheless, in *State v.*

*Chaney,* 477 P.2d 441, 443 (Alaska 1970), we interpreted that section as requiring us "to consider the manner in which the sentence was imposed, including the sufficiency and accuracy of the information upon which it was based." Thus, we feel compelled to review the sentence in this case.

and he will not indicate who his friends were.[3]

Prior to sentencing appellant's attorney objected to that part of the report and requested that it be stricken as improper and unsubstantiated hearsay. The court stated, "I'm not going to strike it. I'm going to consider it as rumor information and give it little weight in that aspect."

Appellant argues that the trial court erred, in refusing to strike such material and in thereafter considering it, for the reasons stated in support of his motion to strike. He also contends that his attorney, located in Kenai, had no time or effective chance to investigate and refute the objectionable material in the report once the motion to strike was denied, since it was received in Kenai on September 1, 1976, only two days before sentencing. Appellant was sentenced on September 3, in Kenai, after being transported from Anchorage where he had been held while awaiting sentence. As to the latter point, we note that appellant made no request for a continuance of the sentence hearing.

For a number of reasons we are unable to agree with appellant's position. Whatever prejudice he might have suffered by his lack of preparedness to respond to the information could have been avoided had he moved for a continuance. Having failed to so move, he cannot now complain on that ground. *Evans v. State,* 550 P.2d 830, 847 (Alaska 1976).

More critical is the fact that at the time of sentencing there was no effort on the part of appellant to deny or otherwise refute the information complained of. Having failed to exercise his right to present any materials or call any witnesses to contradict, explain or otherwise rebut that information, appellant is now foreclosed from attacking the court's reliance on it. See *Nukapigak v. State,* 562 P.2d 697 (Alaska 1977); *People v. Chi Ko Wong,* 18 Cal.3d 698, 135 Cal.Rptr. 392, 557 P.2d 976 (1976).

Also, the mere fact that such information was hearsay would not prevent its use. As stated by the United States Supreme Court in *Williams v. New York,* 337 U.S. 241, 250, 69 S.Ct. 1079, 1084, 93 L.Ed. 1337, 1343-44 (1949):

> We must recognize that most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross-examination. And the modern probation report draws on information concerning every aspect of a defendant's life.

Despite our holding that there was no error with regard to the presentence report, we do take notice of another defect in the sentence imposed.

Defendant was originally convicted of the offense of grand larceny.[4] Following entry of a plea of guilty the court suspended the imposition of sentence for a period of three years and placed the defendant on probation.[5] During the probationary period, he violated the conditions of his probation and that probation was revoked. Upon revocation of his probation, the court imposed the sentence giving rise to this appeal.

Appellant's sentence consisted of a three year term of imprisonment. However, the judgment also provided that appellant again be placed on probation following his release, for an additional five years.

---

3. We think it also important to note an additional passage found in the report:

    Mr. Franzen initially refused to provide any information for this report. The purpose of the investigation was carefully explained and Norman *eventually conceded to give some* partial and vague information. Extensive investigation was therefore necessary through community workers, police and 'street persons'. This summary of behavior was shared with Norman and stands without his dispute, except for [sic] specifically noted. This officer believes it to be an accurate account of Mr. Franzen's behavior, however it must be noted that this summary is based on information of a general nature as Norman would not present specific information to verify.

4. AS 11.20.140.

5. Such a procedure is authorized by AS 12.55.-085.

The superior court was authorized to suspend all or part of its sentence, and to place the defendant on probation during such suspended period.[6] However, we know of no authority under Alaska law which permits the court to impose a fixed sentence, require the defendant to serve that sentence, and then place the defendant on an additional period of probation following service of the sentence.[7]

Although this point was not raised by either party, we deem it to be plain error, requiring a remand for modification of the sentence.[8] Upon remand, the court shall enter an amended judgment striking that portion of the sentence placing defendant on probation following expiration of his sentence of imprisonment.

6. AS 12.55.080 provides in part:

> [A] court, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the . . . execution . . . of the sentence or a portion thereof, and place the defendant on probation for a period and upon the terms and conditions as the court considers best.

7. In the event that appellant served his three year term of imprisonment, an interesting question would arise if and when he later violated the terms of his "probation". To thereafter impose a further sentence of imprisonment for the same offense, i. e., the original grand larceny, would clearly violate the double jeopardy provisions of both the state and federal constitutions.

8. *Burford v. State*, 515 P.2d 382 (Alaska 1973).