Dennis E. ELSTAD, Appellant,

v.

STATE of Alaska, Appellee.

No. 4272.

Supreme Court of Alaska.

Aug. 31, 1979.

Sue Ellen Tatter, Deborah Smith, Asst. Public Defenders, Brian Shortell, Public Defender, Anchorage, for appellant.

John Scukanec, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

OPINION

BURKE, Justice.

This is a sentence appeal. *See* AS 12.55.-120; Rule 21, Alaska R.App.P. Appellant, Dennis Elstad, contends that his sentence for sale of heroin is excessive and otherwise inconsistent with applicable law. Having carefully considered each of the arguments presented, we affirm the sentence except insofar as it purports to limit Elstad's eligibility for parole.

On December 14, 1973, Elstad was convicted of selling a narcotic drug, heroin, in violation of AS 17.10.010. At that time the superior court suspended the imposition of sentence and placed Elstad on probation until December 14, 1980, as authorized by AS 12.55.085. On March 16, 1978, Elstad was convicted of embezzlement and his probation was revoked. *See* AS 12.55.085(b). Thereafter, on August 29, 1978, Superior Court Judge Mark C. Rowland imposed sentence on the original charge. *See* AS 12.-55.085(c); AS 17.10.200.

Judge Rowland sentenced Elstad to an eight-year term of imprisonment but suspended execution of the last five years of the sentence. This judgment further provides that Elstad be placed on probation during the five year period of suspension and that he be ineligible for parole until he has served two years of his sentence.

I

Elstad first contends that his sentence is excessive, in view of his age, criminal record and personal history. Judge Rowland's sentencing remarks indicate that he gave careful consideration to the appropriate goals of sentencing and that he made every effort to fashion a sentence that he believed would best accomplish those goals. *See State v. Chaney,* 477 P.2d 441 (Alaska 1970). Our own review of the record fails to convince us that he was clearly mistaken in imposing the sanction that he did. Accordingly, under our established standard of review, we cannot say that Elstad's sentence was excessive. *McClain v. State,* 519 P.2d 811 (Alaska 1974).

## II

Elstad next contends that the five-year period of probation imposed by Judge Rowland violates AS 12.55.090(c) and that it is contrary to our holding in *Franzen v. State*, 573 P.2d 55 (Alaska 1978).

AS 12.55.090(c) provides that, where applicable, "[t]he period of probation, together with any extension, shall not exceed five years." Elstad argues that since he had already been on probation for five years, under the court's original order suspending the imposition of sentence, the additional period of probation imposed by Judge Rowland was in excess of the maximum period of probation authorized by AS 12.55.090(c) and, therefore, illegal.

Where, as Judge Rowland did here, a court suspends the *execution* of all or a portion of a sentence and places the defendant on probation under AS 12.55.080,[1] the length of that period of probation is specifically limited by AS 12.55.090(c) to a maximum of five years. *Jackson v. State*, 541 P.2d 23, 25 (Alaska 1975). However, as noted in *Tiedeman v. State*, 576 P.2d 114, 116 n.11 (Alaska 1978) (emphasis in original):

> Under AS 12.55.080, a court may suspend the *execution* of all or a portion of a sentence and place the defendant on probation "for a period and upon the terms and conditions as the court considers best." That period of probation, however, is specifically limited by AS 12.55.-090(c) to a maximum of five years. *Jackson v. State*, 541 P.2d 23, 25 (Alaska 1975). This differs from probation granted after the court suspends the *imposition* of any sentence under AS 12.55.085(a). In the latter case the legislature has specifically limited the period of probation to a term not to exceed the maximum sentence which could be imposed for the

particular offense. Thus, under AS 12.-55.085(a), the period of probation in this case could not have exceeded the one-year period of the maximum sentence. However, since the court actually imposed sentence and suspended the execution of a portion thereof, the only statutory limitation on the term of probation is that contained in AS 12.55.090(c). Interpreting a similar limitation contained in 18 U.S.C. § 3651 the United States Court of Appeals, 4th Circuit, held in *Hollandsworth v. United States*, 34 F.2d 423 (4th Cir. 1929), that a term of probation is not limited by the maximum term of possible imprisonment saying:

> There is no restriction upon the discretion of the district courts as to the period of probation, except the limitation of five years expressly provided by the statute.

34 F.2d at 427. This holding has been repeatedly followed in the federal courts without further discussion. *United States v. Lancer*, 508 F.2d 719, 724 n.18 (3rd Cir. 1975); *Driver v. United States*, 232 F.2d 418, 421–22 (4th Cir. 1956); *Mitchem v. United States*, 193 F.2d 55, 57 (5th Cir. 1951); *United States v. Sumpter*, 287 F.Supp. 608, 610 (S.D.Tex.1968). *Accord, People v. Tadla*, 110 Ill.App.2d 119, 249 N.E.2d 155, 158 (1969). AS 12.-55.080 and AS 12.55.090 appear to have been modeled after the federal statute. *Jackson v. State, supra* at 25.

Thus, the question in this case is whether, in calculating the five-year period of probation allowable under AS 12.55.090(c), the court was bound to consider the period of probation already served by Elstad under its original order suspending the imposition of sentence pursuant to AS 12.55.085(a).[2] We hold that it was not. We believe that the five-year limitation contained in AS

---

1. AS 12.55.080 provides:

   *Suspension of sentence and probation.* Upon entering a judgment of conviction of a crime, or at any time within 60 days from the date of entry of that judgment of conviction, a court, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution or bal-

   ance of the sentence or a portion thereof, and place the defendant on probation for a period and upon the terms and conditions as the court considers best.

2. AS 12.55.085(a) provides:

   *Suspending imposition of sentence.* (a) If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served, the court may, in its

12.55.090(c) applies only to the period of probation to be served after the *imposition* of a sentence and suspension of all or a portion thereof pursuant to AS 12.55.080.

Elstad's reliance on *Franzen v. State*, 573 P.2d 55 (Alaska 1978), is difficult to understand. Certainly, it is misplaced, since that case and the one at bar are readily distinguishable. In *Franzen* we held that the superior court was without authority "to impose a fixed sentence, require the defendant to serve that sentence, and then place the defendant on an additional period of probation following service of the sentence." *Id.* at 57. However, we expressly recognized the court's authority to do what the court did in the case at bar, namely, "suspend . . . part of its sentence, and to place the defendant on probation during such suspended period." *Id.* (footnote omitted).

### III

■ Elstad's final contention is that Judge Rowland erred in requiring that he serve a minimum of two years of the unsuspended three-year portion of his sentence before becoming eligible for parole.

Elstad's conviction for selling heroin occurred in 1973. At that time, the superior court was authorized to designate the term a prisoner had to serve before becoming eligible for parole, but under AS 33.15.-230(a)(1) that term could "not be more than one-third of the maximum sentence imposed by the court." In 1974, AS 33.15.-230(a)(1) was amended to provide that any term thus designated "shall be at least one-third of the maximum sentence imposed by the court." Ch. 110, § 3, SLA 1974.

Elstad contends that the court's power to limit his parole eligibility was governed by AS 33.15.230(a)(1) as it existed at the time he committed the offense for which he was ultimately sentenced. Under that version of the statute, Judge Rowland was autho-

rized to designate a period of ineligibility that could "not be more than one-third of the maximum [three-year] sentence imposed," *i. e.*, one year. The state argues that, since Elstad's parole eligibility was not *determined* until his probation was revoked and sentence was imposed in 1978, the amended version of AS 33.15.230(a)(1) should control.

We believe that the state's argument ignores the realities of the situation. The practical effect, if we were to adopt its argument, would be to allow Elstad to suffer greater actual punishment than was authorized by those statutes in existence at the time he committed his offense. We think that such action is sufficiently akin to the enforcement of an *ex post facto* law,[3] to amount to a denial of Elstad's right to due process of law under article I, section 7, of the Constitution of Alaska.

Upon remand, the superior court shall amend its judgment to allow Elstad to become eligible for parole after serving one year of his three-year term of actual imprisonment. In all other respects his sentence is AFFIRMED.

discretion, suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be imposed, and upon the terms and conditions which the court determines, and shall place the person on probation, under the charge and supervision of the probation officer of the court during the suspension.

3. Passage of an actual *ex post facto* law would itself be violative of article I, section 15, of the state constitution.