Michael P. RICE, Appellant,

v.

STATE of Alaska, Appellee.

No. 4350.

Supreme Court of Alaska.

Dec. 14, 1979.

Myron Angstman, Bethel, for appellant.

Thomas M. Wardell, Dist. Atty., Kenai, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

OPINION

PER CURIAM.

Appellant Michael P. Rice pleaded guilty to the offense of burglary not in a dwelling. Pursuant to AS 12.55.085(a),[1] the superior court suspended imposition of sentence and placed Rice on probation. Thereafter, Rice was found to have violated the conditions of his probation. Pursuant to AS 12.55.085(b) and AS 12.55.085(c),[2] probation was revoked, and Rice was sentenced to five years incarceration with three years suspended. The superior court's judgment further provided that Rice was "to remain on probation for a period of five (5) years following his release from jail."

The single issue raised by Rice on appeal is whether the superior court erred in failing to credit Rice with probation he had completed during the time imposition of the original sentence was suspended. Rice had served one year and 97 days of probation when his probation was revoked and sentence was imposed. Rice's contention is that because the superior court's action resulted in the imposition of a total of six

1. AS 12.55.085 provides:

*Suspending imposition of sentence.* (a) If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served, the court may, in its discretion, suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be imposed, and upon the terms and conditions which the court determines, and shall place the person on probation, under the charge and supervision of the probation officer of the court during the suspension.

(b) At any time during the probationary term of the person released on probation, a probation officer may, without warrant or other process, rearrest the person so placed in his care and bring him before the court, or the court may, in its discretion, issue a warrant for the rearrest of the person and may revoke and terminate the probation, if the interests of justice require, and if the court, in its judgment, has reason to believe that the person placed upon probation is violating the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates, or a vicious life.

(c) Upon the revocation and termination of the probation, the court may pronounce sentence at any time after the suspension of the sentence within the longest period for which the defendant might have been sentenced.

2. *See* note 1, *supra.*

years and 97 days of probation, it violates the five-year limitation on probation contained in AS 12.55.090(c).[3]

*Elstad v. State,* 599 P.2d 137 (Alaska 1979), is dispositive of this question. There we held that the five-year limitation contained in AS 12.55.090(c) applies only to the period of probation to be served after the imposition of a sentence and suspension of all or a portion thereof pursuant to AS 12.55.080.[4] Thus, the superior court in the case at bar was not bound to credit the period already served under its original order suspending imposition of sentence pur-

suant to AS 12.55.085(a), when considering the maximum sentence or period of probation it could impose under AS 12.55.085(c) upon violation of the original probation conditions.

Affirmed.

---

**3.** AS 12.55.090(c) states:

The period of probation, together with any extension, shall not exceed five years.

**4.** AS 12.55.080 reads:

*Suspension of sentence and probation.* Upon entering a judgment of conviction of a crime, or at any time within 60 days from the date of entry of that judgment of conviction, a court,

when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution or balance of the sentence or a portion thereof, and place the defendant on probation for a period and upon the terms and conditions as the court considers best.