Robert MERRY, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2051.

Court of Appeals of Alaska.

March 25, 1988.

Larry S. Cohn, William F. Dewey, Asst. Public Advocates, Brant McGee, Public Advocate, and Walter R. Share, Anchorage, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Robert Merry pled no contest to one count of misconduct involving a controlled substance in the third degree. AS 11.71.-030(a)(1). Misconduct involving a controlled substance in the third degree is a class B felony. Merry, a second felony offender, was therefore subject to a presumptive sentence of four years. AS 12.-55.125(d)(1). Sentencing Judge Roy H. Madsen found that three aggravating factors applied to Merry's sentence. Based on these aggravating factors, Judge Madsen enhanced Merry's sentence by two years. He therefore sentenced Merry to six years' imprisonment. Judge Madsen said that Merry "would be eligible for parole after the four-years' presumptive term, not before." The written judgment provided that the sentence was "presumptive, and defendant is not eligible for parole for four years."

At the time that Merry committed his offense, parole eligibility was governed by former AS 33.15.180. That statute provided that a prisoner sentenced under the presumptive sentencing provisions of AS 12.55.125(c), (d), or (e) was not eligible for parole.[1]

The legislature amended the statutes pertaining to parole in 1985. The effective date of these statutes was January 1, 1986. Under these new statutes, a prisoner is not eligible for parole while serving the basic presumptive term, but is eligible for parole after serving one-fourth of any enhancement.[2] Merry committed his offense on July 17, 1985, before the effective date of the new parole laws, but he was not sentenced until June 2, 1986, six months after the effective date of the statute. The pa-

---

1. Former Alaska Statute 33.15.180 provided in pertinent part:

   *Persons eligible for parole.* (a) A state prisoner other than a juvenile delinquent, wherever confined and serving a definite term of over 180 days or a term the minimum of which is at least 181 days, and who is not imprisoned in accordance with AS 12.55.-125(c)(1), (c)(2), (c)(3), (d)(1), (d)(2), (e)(1), or (e)(2), whose record shows that he has observed the rules of the institution in which he is confined, may, in the discretion of the board, be released on parole, subject to the limitation prescribed in AS 33.15.080 and 33.-15.230(a)(1).

2. Alaska Statute 33.16.090 provides in pertinent part:

   *Eligibility for discretionary parole.*
   . . . .
   (b) A prisoner is not eligible for discretionary parole during the term of a presumptive sentence; however, a prisoner is eligible for discretionary parole during a term of sentence enhancement imposed under AS 12.55.-155(a) or during the term of a consecutive or partially consecutive presumptive sentence imposed under AS 12.55.025(e) or (g).

   (c) A prisoner eligible for discretionary parole during a period of sentence enhancement imposed under AS 12.55.155(a) or during consecutive or partially consecutive presumptive sentence imposed under AS 12.55.025(e) or (g) shall serve the unenhanced portion of the sentence or the initial presumptive sentence before being otherwise eligible for discretionary parole under AS 33.16.100(c) or (d). For purposes of this subsection, the sentence for the most serious offense in the case of consecutive or partially consecutive presumptive sentences shall be considered the initial presumptive sentence. The unenhanced sentence or the initial presumptive sentence is considered served for purposes of discretionary parole on the date the unenhanced or initial presumptive sentence is due to expire less good time earned under AS 33.20.010.

   Alaska Statute 33.16.100(c) provides:
   (c) Except as provided in (d) of this section, a prisoner may not be released on discretionary parole until the prisoner has served at least one-fourth of the period of confinement imposed, one-fourth of an enhanced period of confinement imposed under AS 12.55.155(a), or any minimum term set under AS 12.55.115 at sentencing, whichever is greater.

role board applied the new parole law to Merry's sentence, and informed Merry that he would be eligible for parole after serving four and one-half years of the six-year sentence.[3]

Merry filed an application for post-conviction relief contending that he was eligible for parole upon the expiration of his four-year base presumptive term. The state opposed Merry's post-conviction relief application, arguing that the parole board had correctly calculated Merry's eligibility for parole. Judge Madsen entered summary judgment in favor of the state. Merry appeals from this decision. We reverse.

This case turns on an interpretation of former AS 33.15.180. Under that statute, a person who was imprisoned under AS 12.55.125, (d)(1) was not eligible for parole. Merry was a second felony offender convicted of a class B felony. He was therefore subject to sentencing under AS 12.55.125(d)(1).[4] Merry argues, however, that former AS 33.15.180 only restricts his eligibility for parole during the four-year presumptive term provided for in AS 12.55.-125(d)(1). He argues that the two-year adjustment to his four-year presumptive term was imposed under AS 12.55.155.

The state argues that we should interpret former AS 33.15.180 as restricting Merry's parole during the full six years that Judge Madsen imposed. The state argues that Merry's six-year term was imposed under AS 12.55.125(d)(1). We have consistently held that "[a]mbiguities in criminal statutes must be narrowly read and construed strictly against the government." *State v. Andrews,* 707 P.2d 900, 907 (Alaska App.1985) *aff'd,* 723 P.2d 85 (Alaska 1986); 3 C. Sands, *Sutherland Statutory Construction,* §§ 59.03, 59.04, 59.06 (4th ed. 1974). Applying this rule of statutory construction, we conclude that Merry must prevail on his contention that former AS 33.15.180 only restricted his parole during his four-year presumptive term. Since the statute can reasonably be interpreted either as Merry or the state suggests, the ambiguity must be resolved in Merry's favor.[5]

In *Elstad v. State,* 599 P.2d 137, 140 (Alaska 1979), the Alaska Supreme Court held that the trial court could not apply a parole eligibility statute to a defendant which was more severe than the parole eligibility statute which was in existence at the time the defendant committed his offense. The court found that application of the more severe parole statute to Elstad was "sufficiently akin to the enforcement of an *ex post facto* law, to amount to a denial of Elstad's right to due process of law under art. 1, sec. 7 of the Constitution of Alaska." *Id.* (footnote omitted). Under our interpretation of former AS 33.15.180, that statute is more favorable to Merry than the current statutes that govern parole. It follows that Merry is entitled to have former AS 33.15.180 applied to determine his parole eligibility.

The judgment of the superior court is REVERSED.

---

**3.** Under the new parole statutes, Merry would serve a four-year base presumptive term plus at least one-fourth of the two-year enhancement.

**4.** Alaska Statute 12.55.125(d)(1) provides:

(d) A defendant convicted of a class B felony may be sentenced to a definite term of imprisonment of not more than 10 years, and shall be sentenced to the following presumptive terms, subject to adjustment as provided in AS 12.55.155–12.55.175:

(1) if the offense is a second felony conviction, four years;

**5.** In arguing that we should adopt the state's interpretation of former AS 33.15.180, the state points to a "Letter of Intent" of the Judiciary

Committee of the House of Representatives which is part of the legislative history of the new parole statutes. The state contends that the letter shows that the 1985 legislature believed that the new parole statutes expanded eligibility for parole. The fact that the 1985 legislature interpreted a statute which was passed in 1980, however, cannot be given critical weight. In interpreting former AS 33.15.180, we must give primary consideration to the words of that statute and the legislative history surrounding the passage of that statute, rather than legislative history surrounding the passage of a subsequent statute. *See Sutherland Statutory Construction, supra,* at § 49.11 ("subsequent legislative interpretation is not conclusive of the meaning of the former statute").